CHICAGO AND SOUTHEASTERN RAILWAY COMPANY *v.*
MCBETH ET AL.

[No. 18,061.    Filed Sept. 23, 1897.    Rehearing denied Dec. 8, 1897.]

APPEAL AND ERROR.—*Failure to Except to the Appointment of Receiver.—Waiver.*—The failure of a party to except to the action of the trial court in the appointment of a receiver is a waiver of any question upon such appointment. *pp. 79, 80.*

SAME.—*Appointment of Receiver.—When Not Reviewed on Appeal.*—Where the record does not contain the affidavits upon which the question of the appointment of a receiver was submitted to the trial court, the question will not be reviewed on appeal. *p. 80.*

From the Clay Circuit Court. *Affirmed.*

*H. Crawford, W. R. Crawford, F. E. Gavin, C. F. Coffin* and *T. P. Davis,* for appellant.

*A. W. Knight, A. Payne, S. D. Coffey, J. M. Rawley, T. A. Hutchison, E. S. Holliday* and *G. A. Byrd,* for appellees.

HACKNEY, J.—The appellees, more than one hundred in number, sued the appellant, alleging that they held, severally, judgments, liens, and claims against the appellant and its railway property; that appellant had executed mortgages to almost the entire value of its property; that it was applying the earnings of the road to official salaries, and was making no payments upon said judgments, which judgments had been rendered more than four years, and that said company was insolvent.

It was alleged that the road extended, as an entirety, through several counties, and was operated as a public railway. The prayer sought an adjustment of the priorities of the several judgments and an ascertainment of the sums severally due the appellees, and the appointment of a receiver to take possession of the railway with its operating property, apply its revenues

to the claims alleged, and to sell the property for the payment of any balances remaining.

The complaint and the following order entered in vacation constitute the only parts of the record brought to this court, to wit: "And now come the parties hereto, the plaintiffs by Messrs. A. W. Knight and others, their attorneys, and the defendant by Messrs. Matson & Luther and Mr. Stover, its attorneys, and the plaintiffs submitted their verified complaint and affidavits, together with the summons and notice of application for a receiver herein in the words and figures following (here insert), and now the said defendant moves the undersigned judge for a postponement of the hearing of the application for a receiver, which said motion is by the said judge sustained, and said application is set for hearing at 7 o'clock p. m. of this day.

"And now at the hour set for the hearing of said application come again the parties by their attorneys, aforesaid, defendant again moves for a postponement of this cause, and files affidavits in support (here insert) thereof, which motion is overruled, to which defendant excepts, and ten days given to file bill of exceptions, and said application is by agreement submitted to the undersigned judge for hearing and determination, and the evidence being fully heard and all things touching said application duly considered, the said judge sustains the application of the said plaintiff. It is therefore ordered and decreed by the said judge that Alexander C. Campbell be and he is hereby appointed receiver herein of the said defendant and its property, and that he execute bond for the faithful performance of his duties as such receiver in the sum of ten thousand dollars, and day is given."

It will thus be seen that the appellant, although a party to the proceeding, present and participating,

did not except to the action of the judge in making the appointment. It has been held that such failure is a waiver of any question upon such appointment. *Lime City Building, etc., Association* v. *Black*, 136 Ind. 544. It is the general rule, created by statute, section 638, Burns' R. S. 1894, that a party objecting to a decision must except at the time the decision is made. No suggestion is made as to why this rule does not apply in this case.

It will be observed, also, that the question of the appointment was submitted to the judge below upon affidavits filed, in addition to the verified complaint. In such case, the appeal being from the interlocutory order of appointment, the affidavits, which may enlarge and supplement the allegations of the complaint, should be considered in connection with the complaint. *Supreme Sitting, etc.,* v. *Baker*, 134 Ind. 293; *Naylor* v. *Sidener*, 106 Ind. 179. Since the record before us does not bring up the affidavits, we are denied the privilege of considering the case upon the record made and acted upon below. All of the questions argued depend upon a condition of the record not fully presented, and they are, therefore, not considered. The judgment is affirmed.