## THOMSON ET AL. v. INDIANA UNION TRACTION COMPANY ET AL.

[No. 22,298. Filed November 5, 1915.]

1. APPEAL.— *Review.— Record.— Presumptions.*— Where the overruling of motions for a temporary injunction and the appointment of a receiver followed the hearing of evidence submitted by both parties, and the evidence is not in the record on appeal, it must be presumed that the overruling of such motions was correct. p. 691.

2. STREET RAILROADS. — *Consolidation. — Avoidance for Fraud. — Complaint.*—A complaint to avoid a consolidation by two street railroad corporations, in which the facts well pleaded did not in their essential nature constitute a fraud or breach of trust, was insufficient. p. 691.

3. CONSTITUTIONAL LAW. — *Special Legislation. — Confiscation of Property.—Consolidation of Street Railroads.*—The act of 1899, as amended in 1903 (§§5685–5691 Burns 1914, Acts 1899 p. 378, Acts 1903 p. 181), authorizing the consolidation of street railroad corporations, is not a special act, but is general and applicable to all street railroads, and is not violative of §21, Art. 1, of the Constitution prohibiting the taking of property without just compensation. p. 692.

4. STREET RAILROADS.—*Consolidation.—Reducing Capital Stock.*— Under §5690 Burns 1914, Acts 1903 p. 181, a consolidation of the stock of street railroad corporations may be made on such terms as the corporations involved may mutually agree upon; and hence, while such agreement must not be such as to permit an imposition on the rights of minority stockholders by fraudulent devices, where two companies with capital stock of $8,500,000 and $5,000,000 respectively, entered into consolidation by which the total capitalization was fixed at $9,000,000, the reduction was not *ultra vires*, and afforded no ground for avoiding the consolidation at the suit of minority stockholders, especially in view of the fact that the reduction represented merely a condensation of watered stock. p. 692.

From Marion Circuit Court (21,121); *Charles Remster*, Judge.

Action by Alexander W. Thomson and another against the Indiana Union Traction Company and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*William Bosson*, for appellants.

*Ferdinand Winter, Miller, Shirley, Miller & Thompson, Ryan & Ruckelshaus* and *J. A. Van Osdol,* for appellees.

MORRIS, J.—This was an action by appellants Thomson and Marott, as stockholders of Union Traction Company of Indiana and Indiana Union Traction Company to enjoin a proposed consolidation of the two companies, and other acts incident thereto, and for an accounting, and the appointment of a receiver for the two corporations. To the complaint, the two companies and Randall Morgan, Arthur W. Brady and others, stockholders and officers of the corporations were made defendants. The trial court denied appellants' prayer for a temporary restraining order and the threatened consolidation was effected by a vote of the stockholders of the two companies, and thereupon appellants filed a supplemental complaint alleging the fact of consolidation which occurred subsequent to the filing of the original complaint, and added also a second paragraph of complaint. The two corporate defendants in this action were defendants in *Norton* v. *Union Traction Co.* (1915), *ante* 666, 110 N. E. 113, and most of the personal defendants here occupied the same relation to that suit. The complaint here deals with the same consolidation involved in the other case, and alleges, for the most part, the same facts. The plaintiffs here, however, were stockholders in both constituent companies while in the Norton case the appellants owned stock in only one of them.

Appellees' demurrer to each paragraph of complaint was sustained, and, on this ruling error is here assigned. Error is also assigned as to the overruling of appellants'

1. motions for a temporary injunction and the appointment of a receiver. The record shows that the court heard these motions on evidence submitted by both parties. The evidence is not in the record, and, in its absence it must be presumed that there was no error. *Chicago, etc.,*

2. *R. Co.* v. *McBeth* (1897), 149 Ind. 78, 47 N. E. 678. The allegations of fraud, contained in each para-

graph here, are substantially the same as averred in the complaint in the Norton case and on its authority we hold each paragraph of complaint insufficient to entitle appellants to relief for fraud.

Appellants contend that the act of 1899, as amended in 1903 (§§5685-5691 inclusive Burns 1914, Acts 1899 p. 378, Acts 1903 p. 181), under which the consolidation in question was effected, is unconstitutional and void because it is a special act violative of §13, Art. 11 of the Constitution of Indiana, which provides that "Corporations, other than banking, shall not be created by special act, but may be formed under general laws". The statute is general, and, applicable to all street railroads, and is not a special act within the meaning of the provision quoted. It is also contended that the act is violative of §21, Art. 1 of our Constitution which provides that "No man's property shall be taken by law without just compensation; nor, except in the case of the State, without such compensation first assessed and tendered". It is urged that the statute permits the conversion of the stock of dissenting minority stockholders without making any provision for appraising the same and payment to them of the value thereof. The act was in effect when the constituent companies were organized and the stockholders subscribed for their stock, knowing that the corporations might, in the future, consolidate with others. *Norton* v. *Union Traction Co., supra.* The act is not violative of said constitutional provision:

The capital stock of the Union Traction Company of Indiana was $8,500,000, and that of the Indiana Union Traction Company was $5,000,000 at the time of consolidation. By the consolidation agreement the capital stock of the new consolidated company was fixed at $9,000,000. It is claimed that this reduction in capital stock of $4,500,000 was *ultra vires*. The statute (§5690 Burns 1914, Acts 1903 p. 181) provides that the consolidation of the stock of the companies may be made on "such terms as

may be by them mutually agreed upon''. Of course this implies an honest agreement, and not one that permits an imposition on the rights of minority stockholders by fraudulent devices. Here, the stock of the constituent companies had been copiously watered. Indeed, the inference is irresistible that the plan of organization of each company was formulated by some one possessing rare gifts in the art of diluting corporate stock. That some of this water— $4,500,000—was pressed out by the consolidation agreement presents no vice to the view of a court of equity; indeed, a further condensation might have impelled the conclusion that the intercorporate action was clothed in the garb of public virtue.

Appellants' learned counsel has cited many authorities to show that the acts here under consideration were *ultra vires*. Most of these authorities declare the law under consolidation acts highly restrictive in character in comparison with ours. Since 1853, acts of extraordinary liberality in favor of railway consolidations have been in effect in Indiana. A reason for such attitude may be found in the State's lack of water transportation facilities. In any event the liberal rule has existed. The remaining questions presented by appellants' brief have been determined adversely to such contentions in the Norton case, *supra,* and it is unnecessary to state them in this opinion. There is no error in the record and the judgment is affirmed.

Note.—Reported in 110 N. E. 121. As to *ultra vires* contracts by corporations, see 13 Am. Dec. 108; 70 Am. St. 156. Constitutionality of special or local laws annexing and consolidating corporations, see 3 Ann. Cas. 499. See, also, under (1) 3 Cyc. 295; (3) 10 Cyc. 298, 299; 36 Cyc. 987.