MILLER v. SOUTHERN INDIANA POWER COMPANY.

[No. 22,378. Filed February 3, 1916.]

1  EMINENT DOMAIN.—Statutes.—Objections to Complaint.—Under the provisions of the eminent domain act of 1905 (Acts 1905 p. 59, §929 et seq. Burns 1914), for the filing of written objections to the complaint, and a preliminary hearing thereon, a special rather . than a general demurrer is contemplated to present questions of law apparent on the face of the complaint, and the use of the general denial as tendering any issue of fact is excluded; and while the objections authorized may tender issues of law or fact, a single objection should not be used for both purposes. p. 372.

2.  EMINENT DOMAIN.—Objections to Complaint.—Review.—Where objections to a complaint in an eminent domain proceeding tendered issues of fact, no question was presented on alleged error in the overruling of such objections, in the absence of the evidence from the record or of anything in the record to show that the court refused to hear any evidence thereon. p. 372.

3.  EMINENT DOMAIN. — Complaint. — Description. — Sufficiency. — Where the description of the land sought to be taken in an eminent domain proceeding is such as to substantially comply with the requirements of the statute, an objection that it is incomplete and indefinite will not lie. p. 373.

4.  ELECTRICITY.—Eminent Domain.—Right to Appropriate Property. —Complaint.—A complaint to appropriate property for the use of an hydraulic electric plant, alleging that the plaintiff was organized under the act of 1907 (Acts 1907 p. 277, §5074 et seq. Burns 1914), authorizing the formation of companies for the manufacture and sale of electricity, was not open to the objection that it showed plaintiff to be a private corporation not charged with any public duty or subject to public regulation, since even a private corporation may be invested with power to condemn private property for a public use, and, while §8 of the act (§5081 Burns 1914) does not purport to fix rates or prescribe regulations of service, a company organized thereunder is not absolved from the common-law duty of impartial service to the public, and the uses contemplated by the statute are public and not in violation of §21, Art. 1, of the Constitution, prohibiting the taking of property for a private use. p. 373.

5.  CONSTITUTIONAL LAW.—Special Legislation.—Corporations.— Manufacture and Sale of Electricity.—The act of 1907 (§5074 et seq. Burns 1914, Acts 1907 p. 277), authorizing the formation of companies for the manufacture and sale of electricity, is not in conflict with §13, Art. 11, of the Constitution, prohibiting the creation of corporations other than banking by special acts. p. 375.

6.  CONSTITUTIONAL LAW.—Privileges and Immunities.—Corporations for Manufacture and Sale of Electricity.—The act of 1907

(§5074 *et seq.* Burns 1914, Acts 1907 p. 277), authorizing the formation of companies for the manufacture and sale of electricity, with power to appropriate lands for their uses, does not violate §23, Art. 1, of the Constitution, prohibiting the granting of special privileges, on the theory that a company operating thereunder by hydraulic power is not limited as to the amount of land it may appropriate, while a company organized under the act of 1867, authorizing the incorporation of hydraulic companies (§4595 Burns 1914, Acts 1905 p. 81) is limited in the power to appropriate only a specified number of acres. p. 375.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Eminent domain proceeding by the Southern Indiana Power Company against Edmund J. Miller, and from an interlocutory order appointing appraisers, the defendant appeals. *Affirmed.*

*O. H. Montgomery* and *T. H. Montgomery,* for appellant.

*Frederick E. Matson, Edward E. Gates, James A. Ross* and *Brooks & Brooks,* for appellee.

MORRIS, C. J.— Appeal from interlocutory order appointing appraisers in an eminent domain proceeding. §933 Burns 1914, Acts 1905 p. 59. Appellee's complaint alleges, among other things, that it was organized under chapter 172 of the acts of 1907 (Acts 1907 p. 277, §§5074-5083 Burns 1914), authorizing the formation of companies for the manufacture and sale of electricity for heating, lighting and power purposes for towns and cities, and the general public; that appellee is the owner of an hydraulic plant for generating electricity and has a dam across White River, and desires to appropriate land owned by appellant, above the dam, for flowage purposes; that appellee has contracted with the city of Bedford to supply electric current for heating, lighting and power to the city and its inhabitants, and has a similar contract with the town of Oölitic; that it also has contracts with pri-

vate persons and corporations to furnish electric current for such purposes, and proposes to manufacture and sell to the general public, electric current for light, heat and power. Appellant filed six objections, the third and sixth of which tendered issues of fact, while the others presented questions of law arising on the face of the complaint. Each objection was overruled and appraisers were appointed to assess appellant's damages. Error is assigned on the overruling of the several objections and the action of the court in appointing appraisers.

1. The eminent domain act (Acts 1905 p. 59, §929 et seq. Burns 1914), under which this proceeding originated, provides for the filing, by the defendant, of written objections to the complaint, and a preliminary hearing thereon. These objections may tender issues of law or fact, but a single objection should not be used for both purposes. The act contemplates a special, rather than general demurrer, to present questions of law apparent on the face of the complaint, and excludes the use of the general denial as tendering any issue of fact. Westport Stone Co. v. Thomas (1911), 175 Ind. 319, 94 N. E. 406, 35 L. R. A. (N. S.) 646; Morrison v. Indianapolis, etc., R. Co. (1906), 166 Ind. 511, 76 N. E. 961, 77 N. E. 744, 9 Ann. Cas. 587.

2. Appellant seeks to present questions arising on his third and sixth objections, but appellee claims that, as the evidence is not in the record no question is presented on these objections because they tendered issues of fact only. In reply to this claim appellant says in his reply brief that the court overruled the two objections without hearing any evidence on the facts alleged. Appellee's contention must prevail. The record, by which this court is bound, does not show that the court

overruled the two objections without hearing evidence thereon, nor does it show that it refused to admit any offered evidence. Had appellant offered some competent evidence in support of the tendered issues, and had the court rejected the offer, a different question would be presented. *Morrison* v. *Indianapolis, etc., R. Co., supra.*

The first objection filed alleges that the description of the lands is incomplete and indefinite. Without setting it out it is sufficient to say that it substantially complies with the statute. §930 Burns 1914, *supra.* It is averred in the second objection that the complaint is defective because it shows appellee to be a private corporation, and not charged, by its charter or otherwise, with the performance of any public duty, or subject to public regulation; that no part of the public has a right to appellee's service on any terms or conditions; that the appropriation sought will violate §21 of article 1 of our Constitution, which impliedly forbids the taking of private property for a private use. While we are of the opinion that the complaint shows appellee to be a public service corporation, it was held in *Westport Stone Co.* v. *Thomas, supra,* that a private corporation may be invested with the power of condemnation of private property for a public use. The act under which the company was incorporated provides for service to "towns and cities and to the public in general." §5081 Burns 1914, Acts 1907 p. 277. It is true that the said act of 1907 does not purport to fix rates or prescribe regulations of service, but such failure does not have the effect of absolving the company from common-law obligations which, among other things, impose the duty of impartial service to the public. *Cleveland, etc., R. Co.* v. *Blind* (1914), 182 Ind. 398, 424, 425, 105 N.

E. 483; *State, ex rel.* v. *Consumers Gas, etc., Co.*
(1901), 157 Ind. 345, 61 N. E. 674, 55 L. R. A.
245; *Westport Stone Co.* v. *Thomas, supra.* Is the
use sought a public one? Much of appellant's
brief is taken up with a discussion of this subject.
The legislature has declared that it is, but it is set-
tled that the courts are not necessarily bound there-
by. It is universally held that gaslight companies
may, under appropriate legislation, condemn pri-
vate property for the purposes of their organizations.
The charter here contemplates not only light but
also heat and power in the service. In *Mull* v.
*Indianapolis, etc., Traction Co.* (1907), 169 Ind.
214, 81 N. E. 657, a statute was considered which
purported to authorize the taking of land for the
transmission of electric energy for "heat, light and
power." The appellee there, an electric traction
company, was proposing to take land over which to
transmit electric current from Rushville to Shelby-
ville with the purpose of using the same for light and
power in operating its street cars between Indianap-
olis and Greensburg, through Shelbyville. It was ob-
jected by appellant Mull that the contemplated use
was not public but intended only to furnish the ap-
pellee there with cheaper power and light in the
operation of its cars. The use was held a public
one. Statutes like ours are in effect in most Ameri-
can states. Electric current is so admirably adapted
for light, power and heat that its use in recent years
has had a phenomenal growth. In *Pittsburgh
Hydro-Electric Co.* v. *Liston* (1911), 70 W. Va. 83,
73 S. E. 86, 40 L. R. A. (N. S.) 602, the subject was
discussed fully, and in the opinion, citing many re-
cent authorities, it was said: "Many states have
passed statutes similar to our own, conferring the
right of eminent domain upon electric companies
chartered for the purpose of furnishing light, heat

and power to the public, and these statutes have been generally upheld by the courts as constituting a proper exercise of the right of eminent domain." We are constrained to hold that the uses contemplated by the statute, and sought here, are public ones and consequently not in violation of §21 of article 1 of our Constitution which inhibits any taking for a private use.

Appellant's fourth objection rests on the proposition that the said act of 1907, under which appellee organized, is void because it is special legislation in conflict with §13, Art. 11, of our Constitution which prohibits the creation of corporations, other than banking, by special acts. We are of the opinion that the point is not well taken. *Thomson* v. *Indiana Union Traction Co.* (1915), 183 Ind. 690, 110 N. E. 121. It is also contended by the fifth objection, that the act is void because it grants privileges to one class of citizens which are, on the same terms, withheld from others, in violation of §23, Art. 1, of the Constitution of Indiana. It is said that the act of 1867 authorizing the incorporation of hydraulic companies limits their power of appropriation to a specified number of acres (§4595 Burns 1914, Acts 1905 p. 81), while the act of 1907 places no limit on the amount of land that may be appropriated. There is no conflict, for the sufficient reason that the terms of the two acts reveal such differences as to preclude any application of the constitutional provision. Whether it would apply if one legislature might see fit to enlarge the power of appropriation given to companies engaged in a specified public service over what a previous General Assembly had granted to like corporations, we do not consider. The record contains no reversible error. Judgment affirmed.

NOTE.—Reported in 111 N. E. 308. As to proceedings to condemn

land for a public use, see 22 Am. St. 49. On the generation of electricity for sale for the purpose of power as a public purpose, see 2 L. R. A. (N. S.) 842; 19 L. R. A. (N.S.) 725. On the taking of property for generation and diffusion of electric energy as public use, see 22 L. R. A. (N. S.) 136. As to the power of electric light and power companies to exercise the right of eminent domain, see 5 Ann. Cas. 531; 7 Ann. Cas. 750; 14 Ann. Cas. 904, 21 Ann. Cas. 364; Ann. Cas. 1912 D 1004. As to what constitutes public use for which property may be taken by eminent domain, see 2 Ann. Cas. 50; 14 Ann. Cas. 903; Ann. Cas. 1912 D 1002. See, also, under (1) 15 Cyc 859; (2) 15 Cyc 955; (3) 15 Cyc 855; (4) 15 Cyc 570, 851; (5) 36 Cyc 987, 999.