FIRST NATIONAL BANK OF MISHAWAKA ET AL. *v.*
PENN-HARRIS-MADISON SCHOOL CORPORATION.

[No. 30,822. Filed November 30, 1967.]

*William T. Means* and *Thomas P. Loughlin,* of Mishawaka, and *Russell C. Kuehl,* of South Bend, for appellants.

*John Schindler, Jr.,* of Mishawaka, for appellee.

LEWIS, J.—The Penn-Harris-Madison School Corporation commenced a condemnation proceedings in the St. Joseph Superior Court pursuant to Burns' Indiana Statutes, Anno., § 28-2501, et seq., (1948 Repl.). This action was filed in order that the condemnor might acquire a new school building site.

The appellants filed objections to the amended complaint for condemnation alleging that the reason for the condemnation was improper in that it was not contemplated that a school building would be constructed by the appellee-school corporation, but that the proposed school building would be constructed by a private corporation which does not have the power of eminent domain. The Court below overruled the appellants' objections to the condemnation and entered an order appointing appraisers for said real estate; and the Court entered a judgment in the form of an interlocutory order which

not only overruled the objections but appointed appraisers as provided by the condemnation statute. This appeal is prosecuted from such interlocutory order.

This case is without factual conflict. The appellees are desirous of condemning the realty in question for the purpose of erecting and operating a public school thereon. However, as a method of financing this undertaking, the Penn-Harris-Madison School Corporation proposes to convey the realty to a privately-owned leasing company and to lease the premises from such company under a contractual situation by which, at the expiration of the lease, title would revert to the Penn-Harris-Madison School Corporation. In this situation, the appellants contend that the statute which gives a school corporation the right to condemn and acquire land for school purposes does not contemplate nor does it provide for a school corporation to use its power of eminent domain to acquire land for the use of a private corporation, even though that privately-owned corporation plans to build a structure to be used as a school building.

Burns' Indiana Statutes, Anno., § 28-3239, (1948 Repl.), [1967 Cum. Supp.] expressly authorizes a school corporation to lease premises for a period not to exceed fifty (50) years for educational purposes. Appellants contend that the proposed method of financing and/or constructing the school building here vitiates the power of the right of condemnation conferred by the legislature on school building corporations.

In the case of *Kessler* v. *City of Indianapolis* (1947), 199 Ind. 420, 157 N. E. 547, this Court stated:

". . . The purpose for which private property is condemned is the very basis of the right to condemn.

". . . a use which is in itself of a public character, justifying the exercise of the power of eminent domain, does not lose its character as such by the fact that the exercise of the power for such use will *incidentally* result in a private use or benefit. *Wisconsin River Improvement Co.* v. *Pier* (1908), 137 Wis. 325, 118 N.W. 857, 21 L.R.A. (N.S.) 538; 20 C.J. 556, note 67."

See also, 53 A.L.R. 12 and 13, which read, respectively, as follows:

> "The general rule is well settled that the exercise of eminent domain for a public purpose which is primary and paramount will not be defeated by the fact that incidentally a private use or benefit will result which would not of itself warrant the exercise of the power."

> ". . . the controlling question is whether the paramount reason for the taking of the land to which objection is made is the public interest, to which benefits to private interests are merely incidental, or whether, on the other hand, the private interests are paramount and controlling, and the public interests merely incidental. Weaver v. Pennsylvania-Ohio Power & Light Co. (1926; C.C.A. 6th) 10 F. (2d) 759"

This Court said in *Foltz, Van Camp Hdw., etc.* v. *City of Indpls. et al.* (1955), 234 Ind. 656, 130 N. E. 2d 650:

> "A state or its agency may acquire property by eminent domain for a public use, or it may authorize a private individual to acquire such property, if it is to be dedicated to a public use and falls within the group of activities historically classified as a public calling or one affected with a public interest. Such businesses, although privately owned, are given the power of eminent domain, with the attendant obligation of serving the public without discrimination, and at a reasonable rate. *Westport Stone Co.* v. *Thomas* (1911), 175 Ind. 319, 94 N. E. 406; *Miller* v. *Southern Ind. Power Co.* (1916), 184 Ind. 370, 111 N. E. 308.

From the above statements it appears that this Court must look to the use for which this land is to be taken. It is stipulated, in the case at bar, that the land is being condemned by a duly organized school corporation for educational purposes. We conclude that the intervention of a private leasing corporation should not thwart an endeavor to condemn land for a public purpose.

Indeed, at the present time, a school corporation is attempting to acquire a school site. The method of financing and the lease back arrangement is only in a planning stage. However,

if carried out in a bona fide leasing arrangement which would meet the requirements of Burns' Indiana Statutes, Anno., § 28-3239, *supra*, we are compelled to hold that the land is to be used for a sufficient public benefit to warrant its being acquired under an eminent domain procedure.

The Court did not commit error in overruling appellants' objections to the amended complaint.

Judgment affirmed.

Jackson, C. J., and Arterburn, Hunter and Mote, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 238.