FIRST NAT. BANK OF MISHAWAKA ET AL. *v.*
PENN-HARRIS-MADISON SCHOOL CORP. ET AL.

[No. 31,173. Filed May 24, 1968.]

454

*William T. Means, Thomas P. Loughlin,* of Mishawaka, and *Russell C. Kuehl,* of South Bend, for appellants.

*John Schindler, Jr., F. Richard Kramer,* and *Schindler, Kramer & O'Malley,* of Mishawaka, for appellees.

LEWIS, C. J.—The appellees filed a complaint to condemn the land of the appellants' for use of a new consolidated school. Trial was had on the question of damages to be awarded to the condemnee. After the evidence was heard the jury awarded the condemnee damages of $68,000. The appellees herein then filed a Motion for New Trial, which Motion for New Trial was granted by the Court. The appellants appeal from the ruling

of the Court in granting such Motion for New Trial. The Motion for New Trial was sustained on the 7th day of March, 1967. Thereafter, the Court, by a Nunc Pro Tunc Entry stated:

"It is clear in this case, that Mr. Hakes had no opinion as to the fair market value as unplatted land on May 17, 1965, (Tr. 26: 16-19).

It is likewise clear that the opinion of Mr. Pence was predicated on sub-division of the land, and selling it off in lots over a ten year period. This is a direct conflict with the rule adopted from 4 Nichols on Eminent Domain, 3d Ed., by our Supreme Court in the case above cited: [*Northern Ind. Pub. Serv. Co.* v. *McCoy et ux.* (1959), 239 Ind. 301, 157 N. E. 2d 181]

'It is well settled that if land is so situated that it is actually available for building purposes, its value for such purposes may be considered, even if it is used as a farm or is covered with brush and boulders. The measure of compensation is not, however, the aggregate of the prices of the lots into which the tract could be best divided, since the expense of cleaning off and improving the land, laying out streets, dividing it into lots, advertising and selling the same, and holding it and paying taxes and interest until all the lots are disposed of cannot be ignored and is too uncertain and conjectural to be computed. The measure of compensation is the market value of the land as a whole, taking into consideration its value for building purposes if that is its most available use.'

For the reasons heretofore noted the motion is granted."

The appellees in their Motion for New Trial had claimed error by the Trial Court in admitting, over objection, the testimony of the two (2) witnesses: Hakes and Pence. Witness Pence gave testimony as to the value of the land as if it were platted and subdivided into lots. Witness Hakes gave his opinion of the value of the land based upon the land being sub-divided with the lots sold over a period of several years in the future. Neither witness gave testimony as to the fair market value of the land as it existed on the date of the taking. The land, on the date of the taking, was unplatted and unimproved. The Trial Court agreed with the appellees, and as heretofore noted, sustained the Motion for New Trial.

Appellants raise the following assigned errors:

1. That the Trial Court failed to specify its reasons for granting said motion for new trial.
2. Appellee led the Trial Court into error by making objections sufficiently vague so as to force the Trial Judge to overrule them.
3. The Trial Court abused its discretion in granting appellees' motion for a new trial.
4. The appellant requests this Court to examine the record and to search for errors.
5. The witnesses did testify as to the fair market value of the land on May 17, 1965.

Appellants' first assignment of error was raised in appellants' original brief which was written before the Trial Court entered the reasons for granting the Motion for New Trial by Nunc Pro Tunc Entry. The appellants, in their Reply Brief, claim that the reasons are not set out with sufficient certainty. We conclude that the Trial Court noted with sufficient certainty the reasons for granting the new trial in view of the fact that the Trial Court, as noted above, pointed out in great detail the error in the admission of the testimony of witnesses Hakes and Pence.

Appellants' fifth assigned error was raised in their reply brief after the entry was issued and it is now properly before this Court. The Trial Judge and the appellees rely on the case of *Northern Indiana Public Service Company* v. *McCoy et ux.* (1959), 239 Ind. 301, 157 N. E. 2d 181. In this case an Indiana Public Utility Corporation brought an action to appropriate a right-of-way for a power line. The appellees caused a trial by jury to be had on the issue of damages wherein they recovered damages on the basis of the land being platted and sub-divided when in reality a plat hadn't even been filed in the recorder's office. In holding that evidence based upon the platting of this land as to its fair market value on the day of its taking was inadmissible, this Court said:

"Testimony by the witnesses . . . as to the value of the appellees' property based upon the value of lots as shown

by the preliminary plat, defendants-appellees' Exhibit No. 1, is based upon a false premise since, in fact, and as admitted by appellee . . . , no such lots existed. The effect of such testimony is to give the jury a false sense of value of appellees' land resulting in the awarding of excessive and erroneous damages."

There is nothing "magic" about the actual filing of a plat in the recorder's office that immediately enhances the value of land. The measure of damages is still the fair market value of the land on the date of its taking. However, in arriving at this figure, the Court may hear evidence on potential future uses to which the land may be put, but this evidence still only goes to the fair market value of the land on the date of its taking. While evidence establishing that the land in question was potentially useful in the future for development is admissible, evidence as to its value after platting and development on a future date is inadmissible. The issue is the value of the land condemned on the date of its taking and future improvements may not be compensated for when they are not *in esse*. The Trial Court was entirely correct in its subsequent ruling that the testimony of witnesses Pence and Hakes was admitted in error. The Trial Judge, wisely realizing that an error had been made, ordered a new trial in order to cure this defect at the earliest possible moment.

In their second assigned error, appellants allege that the appellees invited the Trial Court into error by making vague objections in order to have such objections overruled and yet to save the question for appeal. It is the appellants' contention that in objecting to the testimony of witnesses Pence and Hakes that the appellees knew of the *Northern Indiana Public Service Company* v. *McCoy et ux., supra,* case, and purposely withheld it from the Trial Court thereby inviting error. The objection in question was as follows:

"Mr. Kramer: I respectfully move to strike out the testimony of this witness. I think it is clear he has not appraised this ground at its fair market value. That is the only question we are dealing with."

There is nothing in the record to support the appellant's theory other than the fact that in their objection the appellees didn't cite the case in question to the Court. We know of no ruling that requires a lawyer to cite specific cases on objection to evidence admitted in trial so long as the grounds relied upon are a correct interpretation of the law. Indeed, in many instances, the objections arise in unforeseen situations, and to adopt the requirement that appellants suggest would be to put upon a trial lawyer an unduly burdensome duty. The objection raised was definite enough under the circumstances in which it was raised.

In the third assigned error, appellants suggest that the Trial Judge granted the new trial because the preponderance of the evidence did not prove the verdict rendered by the jury; therefore, such action was an abuse of discretion by the Trial Judge. If this were the case, appellants may indeed have an appealable error. However, after a careful examination of the entry of the Trial Judge, it is manifest that this was not the reason why the new trial was granted. The Trial Judge was not exercising his prerogative to participate as the "thirteenth juror"; but to the contrary, he was only attempting to remedy an error made at trial. It was clearly not an abuse of discretion.

In the fourth assigned error, the appellants request this Court to examine the record and search for errors. Under Supreme Court Rule No. 2-17(h), (1967), we are unable to do this. Rule 2-17(h), *supra,* states, in part, that:

". . . there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out verbatim the relevant parts of such statutes as are deemed to have an important bearing."

The ruling of the Trial Court in granting the Motion for New Trial is affirmed, and this cause is remanded to the Trial

Court for further proceedings not inconsistent with this opinion.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 108.