VESPER L. KEEFER, ET AL. *v.* PENN-HARRIS-MADISON
SCHOOL CORPORATION, ET AL.

[No. 370S42. Filed March 29, 1971. Rehearing denied May 13, 1971.]

*Thomas P. Loughlin, William T. Means,* of Mishawaka, for appellants.

*John Schindler, Jr., James J. Olson,* of Mishawaka, for school corporation.

GIVAN, J.—This is an appeal from an eminent domain proceeding brought by the appellee school corporation to condemn real estate owned by the appellant trust. Originally the appellants filed objections to the amended complaint of the appellees, which objections were overruled. Appellants appealed this ruling to this Court and on November 30, 1967, this Court upheld the decision of the trial court overruling the objections. See *First National Bank of Mishawaka et al.*

v. *Penn-Harris-Madison School Corporation et al.* (1967), 249 Ind. 200, 12 Ind. Dec. 145, 231 N. E. 2d 238. Trial was then had by jury to assess the damages sustained by the Weber Trust for the taking of the real estate in question. The jury returned a verdict for the Weber Trust assessing damages in the sum of $68,000.

Following this verdict the school corporation filed a motion for new trial which was granted by the trial court. The granting of this motion for new trial was appealed to this Court where it was held that the granting of the motion for new trial was proper. This decision was rendered May 27, 1968. See *First National Bank of Mishawaka et al* v. *Penn-Harris-Madison School Corporation et al.* (1968), 250 Ind. 453, 14 Ind. Dec. 368, 237 N. E. 2d 108. The trial court then ordered a pre-trial conference wherein the parties were given time to file additional motions and supporting briefs to reflect the change of conditions since the inception of the lawsuit on July 15, 1969. The Weber Trust filed a motion to reopen objections to condemnation, which was granted by the trial court. On September 5, 1969, the trust filed an additional objection to condemnation. The court overruled this additional objection and the trust again appealed to this Court. *First National Bank of Mishawaka et al.* v. *Penn-Harris-Madison School Corporation et al.* (1970), 255 Ind. 403, 24 Ind. Dec. 98, 265 N. E. 2d 16. The trial court was affirmed in this appeal.

During the pendency of this last appeal, trial was had by a jury to assess damages to the trust by reason of the taking of the real estate. The jury returned a verdict for the trust assessing its damages in the sum of $32,784. The trust filed a motion for new trial, which was overruled. This is the appeal from the overruling of that motion for new trial and from the granting of the school corporation's petition to enter judgment without the payment of interest.

Among the errors assigned by the appellants is the allegation that the trial court erred in striking the testimony of

Ledger Weber, one of the trustees for the appellant trust. Mr. Weber had testified on direct examination that the value of the approximately 27 acres taken was $3500 per acre or $95,550 and that the damage to the remaining 8.15 acres was $1,000 per acre or $8,150 for a total damage of $103,700. On cross-examination Mr. Weber was asked how he arrived at these figures, to which he replied that the main source of his information was the selling of WEBER'S ACRES, which was a subdivision. At this point the appellee school corporation moved to strike the testimony of Mr. Weber on the ground that his manner of computation was invalid. The court sustained this motion to strike. It should be noted that Mr. Weber was asked the following questions:

"Q Mr. Weber your opinion as to the value of this property was based upon raw land was it not?
"A Yes.
"Q Unplatted?
"A Absolutely unplatted."

It was reversible error for the trial court to strike Mr. Weber's testimony. The trial court may well have been led into this error by a misinterpretation of one of the previous opinions of this Court in this case. See *First National Bank of Mishawaka et al.* v. *Penn-Harris-Madison School Corporation et al.* (1968), 250 Ind. 453, 14 Ind. Dec. 368, 237 N. E. 2d 108, *supra*. In that decision Judge Lewis correctly held that it would be improper to value the property in question based upon the value of lots as shown by a preliminary plat for the reason that the land was unplatted and no such lots existed. He pointed out that the measure of damages is the fair market value of the land on the date of its taking; that in so testifying it would be entirely proper to consider the highest and best use of the land, but that its value after platting and development on a future date would be inadmissible. He thus stated that the trial court was entirely correct on its ruling that the testimony of witnesses Pence and Hakes was inadmissible. Therefore, the trial judge

was correct in ordering a new trial to cure this defect. However, in that instance Hakes and Pence both testified as to the value of the land as if it were platted and subdivided into lots. Such is not the case concerning the testimony of Ledger Weber in the record now before us. Ledger Weber specifically stated that he was not testifying as to value as though the ground were subdivided, but that he was testifying concerning raw, unplatted land. What other sales he may have considered in arriving at his opinion or what experience he had had to qualify him to give an opinion were matters for cross-examination and to be taken into consideration by the jury in weighing his testimony. *U. S.* v. *124.84 Acres of Land More or Less* (7th Cir. 1968), 387 F. 2d 912.

There is no indication here that Weber was attempting to influence the jury to assess damages as though the property in question had been platted and subdivided into lots, which had been the case in the previous appeal from the granting of the motion for new trial above cited.

Appellants also urge the trial court erred in entering judgment without payment of interest. Since this is a question which may reoccur upon remand of this case, we would point out that the appellee school corporation had never paid the amount of the court appraisers' award into court and, therefore, had not obtained a right of possession to the real estate. Nor is there any evidence of actual possession by appellee school corporation. Interest may be allowed only to compensate the owner for loss of use of the property. *State* v. *Young* (1964), 246 Ind. 52, 3 Ind. Dec. 570, 199 N. E. 2d 694.

There is evidence in the record before us that there were tire tracks across the real estate in question indicating some use being made of the premises by the school corporation. If such were so, it merely indicates a trespass without right of possession or assertion of possession against the appellants. We, therefore, hold that the trial court did not commit error in holding that no interest would attach to a judgment for damages.

Because of the striking of the testimony of the witness Ledger Weber as above discussed, the trial court is reversed and the cause is remanded with instructions that appellants' motion for new trial be granted.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 838.