PICKETT *v.* KOLB.

[No. 568S77. Filed May 23, 1968.]

*John D. Clouse, Ross E. Myers,* and *Benjamin E. Buente Jr.,* of Evansville, for appellant.

*Isadore J. Fine, Joe S. Hatfield, Charles H. Sparrenberger, Eugene P. Fine,* of Evansville, and *Edward E. Meyer,* of counsel, for appellees.

ARTERBURN, J.—This cause comes to us upon petition to transfer from the Appellate Court under Rule 2-23, the Appellate Court opinion appearing in 231 N. E. 2d 856.

The cause of action arises out of an accident resulting from the operation of an automobile striking a tractor on a highway. The trial was had by jury and a verdict returned for the defendants-appellees and judgment entered accordingly. Error assigned by the appellant-plaintiff is the overruling of the motion for a new trial. One of the specifications therein was that the court erred in sustaining an objection defendants made to a question propounded by the plaintiff-appellant during the cross-examination of a witness called on behalf of the defendants. The ruling the judge made excluded the answer of the witness. On direct examination the witness was asked whether or not he had made an inspection of the brakes of the automobile on behalf of the defendants. His answer was "yes." On cross-examination, appellant's counsel asked: did you do this inspection for the defendant; did you ever talk to her about it; did you ever point out to her you thought she should have the brakes repaired? In each instance the answer was "no."

Finally the appellant asked the question:

"Q. And who paid you to do this inspection?
"MR. HATFIELD: To which we object. Employment was made on behalf of the defendant; the inspection was made on behalf of the defendants.
"COURT: We will have a short recess. Jury will leave the Court room.

Following the recess, when court was reconvened, the court stated:

"COURT: The court is going to make this ruling. He is going to instruct counsel not to ask any questions in this

cause which would elicit from the witness that there is insurance involved in this case."

Following this statement, the attorney for appellant, Mr. Clouse, asked:

"The court sustains the objections?"
"The court will sustain the objection to the last question."

Appellees contend that all the jury was entitled to know was that the employment of this witness was on "behalf" of the defendant, and that it would have been improper for the witness to have given the name of any insurance company that paid him for his services.

It has long been the law in all jurisdictions of which we are aware that a witness may properly be cross-examined with respect to his interest in the litigation in question. He may be cross-examined with reference to his motives, his feelings, friendly or unfriendly towards the parties or other witnesses involved, his employment by either of the parties or some third party, and the contractual relationship with reference to his interest in the litigation and any financial considerations that might have influenced him. 30 I.L.E., *Witnesses*, § 214.

The appellant cites *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 8 N. E. 2d 993 in support of his position. The facts are very similar in this case and we think are in point. On cross-examination the witness was asked: "Whom do your pay checks come from?" The court held this was proper cross-examination.

It is well settled that evidence of whether or not a defendant carries liability insurance is not admissible or relevant to the case in and of itself, and such evidence normally is prejudicial. *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443.

In *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633 we held that an instruction which intimated that the de-

fendant carried no insurance was also improper, since it tended to arouse sympathy for the defendant because he personally would have to pay if a verdict was rendered against him. However, there are issues which arise and occasions when evidence is admissible, regardless of the fact that it may incidentally show the existence or nonexistence of insurance.

A very good example of this situation is the case of *City of Terre Haute* v. *Deckard* (1962), 243 Ind. 289, 295, 183 N. E. 2d 815, 817. In that case the City of Terre Haute was sued for damages resulting from the operation of a motor vehicle operated by a police officer. A statute provided a limitation of liability of $10,000.00 if the city carried liability insurance. This Court said, upon an appeal in that case:

"It has been suggested by appellant in the case before us that it might have been inexpedient for appellant City in the trial of the instant cause before a jury to have offered proof of the policy of liability insurance insuring the City from liability for damages up to $10,000, as this could have prejudiced the jury.

"However, evidence material to the establishment of a cause of action or defense cannot be considered improper or inadmissible simply because it is prejudicial. While evidence as to the existence of insurance is often inadmissible because irrelevant, there are numerous cases involving situations where evidence of insurance coverage is competent. For example, it has been recognized in the great preponderance of jurisdictions in this country, including Indiana, that evidence as to the possession of liability insurance will not be excluded in cases where its suppression would exclude evidence material to the establishment of a cause of action and the liability of a defendant sued for damages. See cases collected in annotation 4 A. L. R. 2d 761, 775; *Snider* v. *Truex* (1943), 222 Ind. 18, 51 N. E. 2d 477.

"It necessarily follows that proof of insurance if necessary to establish either a cause of action or defense under the issues, is competent and may be shown.

"The issue of carrying liability insurance, if appellant desired to take advantage of it, should have been offered by appellant on the trial of the case, and by failing to do so appellant waived such defense or partial defense."

In other words, proof of liability insurance in and of itself is not admissible, but such a principle may not be expanded to the extent that it serves as a means of excluding otherwise competent evidence which is relevant to the issues involved in the trial. We do not think that a trial court may arbitrarily exclude otherwise competent and relevant evidence merely on the ground that it will reveal an insurance carrier is involved.

In this case, as previously stated, if a party sees fit to present a witness on his behalf, the opposing party has a right to cross-examine that witness with reference to all his interests in the litigation, including who is compensating him or giving him anything of value which resulted in his being a witness or participating actively in the litigation.

This cause is ordered transferred from the Appellate Court to this Court, and the judgment of the trial court is reversed, with directions to grant the appellant a new trial.

Lewis, C. J., and Hunter, J., concur.

Jackson, J., dissents.

Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 105.