PHILIP H. BENEFIEL AND PHILIP BENEFIEL, JR., D/B/A
BENEFIEL PALLET COMPANY v. SULLIVAN COUNTY REMC.

[No. 1-1173A198. Filed August 14, 1974. Rehearing denied September
17, 1974. Transfer denied July 11, 1975.]

*Buena Chaney, Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for appellants.

*Geoffrey Segar, David M. Mattingly, Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

ROBERTSON, P.J.—Plaintiff-appellant (Benefiel) brings this appeal from a negative judgment in a suit for damages resulting from a fire at Benefiel's saw mill. The complaint alleged that the fire was caused by defective electrical equipment of defendant-appellee (R.E.M.C.).

The only issue requiring discussion is Benefiel's contention

that the trial court erred on limiting the scope of examination of R.E.M.C.'s expert witness. We agree that error exists.

The evidence involved the installation and operating condition of electrical distribution equipment. Due to the complex and technical nature of such evidence, the testimony of expert witnesses was of great importance.

The R.E.M.C. presented two witnesses, Freeman and Sprague, who were asked their expert opinions about electrical equipment provided to the mill, the installation of that equipment and the cause of the fire that destroyed the mill.

On direct examination, Freeman testified that he was employed by Engineering Investigations and that they were employed by R.E.M.C. On cross-examination counsel for Benefiel again asked Freeman who employed him. Again, the reply was Engineering Investigations. He was then asked to read the first sentence of a report he had prepared. Objection was made, out of the presence of the jury, that counsel was attempting to interject insurance coverage into the case since the report showed that Engineering Investigations was employed by Employers Insurance of Wausau.

The objection was sustained and counsel was directed not to go into that subject.

A similar sequence of events occurred with Sprague, the other expert witness.

Benefiel contends that he had a right to cross-examine the experts as to their employment for the purpose of showing their bias and interests in the case, even if doing so would reveal insurance coverage.

The present case is controlled by the holding in *Pickett* v. *Kolb* (1968), 250 Ind. 449, 237 N.E.2d 105:

> "[p]roof of liability insurance in and of itself is not admissible, but such a principle may not be expanded to the extent that it serves as a means of excluding otherwise competent evidence which is relevant to the issues involved in the trial. We do not think that a trial court may arbitrarily exclude otherwise competent and relevant evidence

merely on the ground that it will reveal an insurance carrier is involved.

[i]f a party sees fit to present a witness on his behalf, the opposing party has a right to cross-examine that witness with reference to all his interests in the litigation, including who is compensating him or giving him anything of value which resulted in his being a witness or participating actively in the litigation." 250 Ind. at 453, 237 N.E.2d 108; Accord, *Yates* v. *Grider* (1969), 145 Ind. App. 567, 251 N.E.2d 846.

The trial court committed reversible error in limiting the cross-examination of R.E.M.C.'s expert witnesses.

Reversed and remanded for a new trial.

Lybrook, J., concurs; Hoffman, C.J., by designation concurs.

NOTE.—Reported at 315 N.E.2d 395.