PHILIP H. BENEFIEL AND PHILIP BENEFIEL, JR., D/B/A BENEFIEL PALLET COMPANY v. SULLIVAN COUNTY REMC.

[No. 775S164. Filed July 11, 1975.]

DISSENTING OPINION ON PETITION TO TRANSFER

PRENTICE, J.—I dissent from the order denying transfer and would grant transfer and affirm the judgment of the trial court.

We have a situation, not unusual in the law, where two acknowledged principles come into conflict in a given case, and one must yield to the other. It is well settled that evidence of whether or not a defendant is protected by liability insurance is not admissible because irrelevant to the issues and likely to be prejudicial. *Martin* v. *Lilly*, (1919) 188 Ind. 139, 121 N.E. 443; *Miller* v. *Alvey*, (1965) 246 Ind. 560, 207 N.E.2d 633. It is also well settled that a party has a right to cross examine the witness of an opposing party with reference to all his interest in the litigation, including who is compensating him for participating in the litigation. *Pickett* v. *Kolb*, (1968) 250 Ind. 449, 237 N.E.2d 105.

In *Pickett* v. *Kolb, supra,* we pointed out that evidence of liability insurance, although in and of itself not admissible, may, nevertheless, become admissible when necessary to prevent the exclusion of other admissible and relevant evidence.

We there denied the application of the rule excluding evidence of insurance, because to have applied it would have concealed evidence of the witness' interest in the case and his potential bias. In the case before us, the Court of Appeals has expanded the rule of *Kolb* to permit the disclosure of liability insurance under a mere pretense of cross examining to reveal possible bias or lack of credibility. Although *Kolb* and the case at bar may appear, at first blush, to be alike, there is an obvious distinction.

In *Kolb*, the defense witness had been employed by the defendant's insurance carrier to inspect the automobile. When asked on cross examination if he had made the inspection for the defendant, he answered in the negative. Although semantically correct, the answer, in essence, was false—or at least misleading—because it left the impression that there was no relationship existing between the witness and the defendant from which bias might logically be inferred. Under these circumstances, the cross examiner's next question, "And who paid you to do this inspection?" was proper, notwithstanding that the answer might coincidently disclose the existence of insurance, because it was relevant to show the witness' interest. Counsel's statement, made at the time of interposing the objection, "The employment was made on behalf of the defendants." was an attempt to correct the witness' answer, but it was not a stipulation in evidence. Further, it was, as previously stated, essentially an incorrect answer that might well have been indicative of a lack of credibility, and the cross examiner had a right to reveal such.

In the pending case, the answer of the witness to the inquiry as to his employment was semantically incorrect but essentially true. The attempt at cross examination, therefore, had no legitimacy, because the relationship it purported to disclose was already clearly in evidence. That the relationship was more remote than the answer indicated is, to me, immaterial. I cannot envision that an inference of bias existing by reason of evidence that the witness was in the direct

employ of the defendant, would be enhanced by the revelation that the employment was more remote than evidenced. Nor do I believe that a witness' credibility would be adversely affected by a disclosure that his testimony was incorrect in a particular that, if corrected, could only give rise to a lesser inference of bias.

The holding of the Court of Appeals that the defendant had opened the door to the inquiry by revealing the witness' interest on direct examination carries the "open door" policy to an extreme that subverts justice by permitting irrelevant and prejudicial evidence to be presented to the jury under the pretense of being a necessary by-product of a legitimate inquiry.

That the defendant preferred to reveal the interest of the witness on direct examination and thus avert the sting of such disclosure by the adversary, is a legitimate and accepted trial tactic and should not subject the defendant to the penalty of disclosing immaterial and prejudicial matters.

If there was a technical right of cross examination in the plaintiff, it was dwarfed, under the circumstances of this case, by the right of the defendant to avoid the disclosure of the insurance contract. The precise nature of the relationship existing between the witness and the defendant was inconsequential, by comparison. The only evidence excluded by the ruling of the trial judge was the evidence of insurance, a matter which the interests of justice have long dictated is none of their concern. Hence, the ruling, if technically in error was, nevertheless, harmless.

DeBruler, J., concurs.

NOTE.—Reported at 331 N.E.2d 25.