In re the **MARRIAGE OF Judith J. BATTLES, Petitioner–Appellant**

and

**James E. Battles, Respondent–Appellee.**

**No. 71A03–8908–CV–357.**

Court of Appeals of Indiana, Third District.

Jan. 10, 1991.

Aladean M. DeRose, South Bend, for petitioner-appellant.

Robert J. Palmer, May, Oberfell & Lorber, Anthony M. Zappia, South Bend, for respondent-appellee.

GARRARD, Judge.

The marriage of James and Judith Battles was dissolved on February 10, 1989. The wife appeals challenging the division of property, the failure to award her maintenance and the provisions for support of the two children of the parties.[1]

The wife first argues that the court erred in failing to award her a portion of the husband's military pension. The court determined that at the time of the hearing the husband was not yet eligible to retire and that he had no vested interest in his military pension. Thus, the court determined the pension was not a marital asset, but could be considered in the court's allocation of the marital assets.

Pursuant to 10 U.S.C. § 1408, in 1982 Congress permitted states to treat disposable retired or retainer pay payable to a member of the armed forces as subject to marital distribution under the law of the jurisdiction. It does not mandate such distribution.[2]

The Indiana response to that legislation appears as IC 31–1–11.5–2(d)(3) which includes within the definition of "property":

> The right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage.

The plain language of the provision requires that in order for disposable retired or retainer pay to constitute property within the ambit of the dissolution act "the

---

1. We direct counsel's attention to Indiana Rules of Procedure, Appellate Rule 8.3(A)(5) which directs the appellant to include a verbatim statement of the judgment in the brief.

2. Prior law prohibited states from treating retirement pay as community property. *McCarty v. McCarty* (1981), 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589.

*right* to receive [such pay must be] *acquired during* the marriage."

Here the court found and the evidence was without conflict that on the date of dissolution the husband had yet to acquire any right to retirement pay. Thus, cases under subsection (d)(3) differ from those under subsection (d)(2) and for that reason the decision in *In re Marriage of Adams* (1989), Ind., 535 N.E.2d 124 has no application to military pension rights. Our supreme court recently so held in *Kirkman v. Kirkman* (1990), Ind., 555 N.E.2d 1293 (impliedly overruling *In re Marriage of Bickel* (1989), Ind.App., 538 N.E.2d 246).

The court did not err in concluding that husband's military pension was not marital property and in not awarding a portion of it to the wife.

■ Wife next argues the court erred by not including in the "marital pot" the husband's vacation benefits. It appears in the record that the husband accrued leave time and that upon retirement he might receive pay for up to sixty days of unused leave. Wife points to no evidence that he had any present right to such payments other than by going on leave. She has failed to demonstrate error. Moreover, since the court awarded her more than 50% of the parties' assets we cannot say that the court did not consider husband's leave entitlement in making distribution.

■ Wife next argues that apart from the pension question the court's division of property was unjust and unreasonable. Pursuant to IC 31–1–11.5–11 the court shall presume that an equal division of the property is just and reasonable. In the instant case the court awarded the wife approximately 55% of the assets and ordered that she be responsible for half the marital debts. It would serve no useful purpose to consider in detail wife's assertions as to why the court might have awarded her more. She has failed to demonstrate that the court committed an abuse of discretion in its award.

■ Wife argues that the court should have awarded rehabilitative maintenance to her so that she might improve her earning ability. She relies on *Dahnke v. Dahnke* (1989), Ind.App., 535 N.E.2d 172.

■ Such an award is authorized under IC 31–1–11.5–11. Trial courts are, however, invested with broad discretion in this area. *Dahnke, supra,* 535 N.E.2d at 174. We find the facts in the present case substantially different from those in *Dahnke.* The evidence here was that at the time of the marriage the husband had secured a B.A. and the wife had completed two years of college. The parties had two children, the first of whom was born about four years after the marriage. There was testimony that wife had substantial opportunity to complete her college degree through university extension courses at the various military bases where husband was stationed but did not do so. On the record before us we cannot say the court committed a clear abuse of discretion in not awarding rehabilitative maintenance.

Finally, the wife argues that the court did not award sufficient child support. Significantly, she fails to point to any evidence in the record to suggest the order was inadequate.

■ She first argues that the award was error because the court did not apply its own discretionary support guidelines.

We have no knowledge of how the St. Joseph County courts applied these guidelines nor is that disclosed in the record. It is perhaps sufficient answer that the guidelines admittedly do not contemplate the weekly incomes of the parties. Wife urges that we should extrapolate a sum from the figures to which the guideline apparently applied, but nothing in the guideline instructions suggest such a procedure.

More significantly we note that at the date of dissolution the son was a sophomore in high school and the daughter was a sophomore in college. While the wife limits her argument to the weekly support amounts fixed by the court, the order was much more broad. The court ordered the husband to pay $115 per week for the son and an additional $50 per week for the daughter when she was home from school. Additionally, the court ordered the husband

**568**

to pay 75% of educational expenses of the children including food, lodging, clothing, etc., pay all the children's medical and dental expenses necessarily incurred, and ordered him to maintain life insurance policies with the children as beneficiaries thereon.

We can find no abuse of discretion in the support award.

Affirmed.

STATON and CONOVER, JJ., concur.