Bradley SIMON, Appellant–Plaintiff,

v.

James D. CLARK, Jr. and Vigo County, Indiana, by and through the Vigo County Commissioners, John Scott, James Adams, and James Deal, Appellees–Defendants.

No. 84A01–9412–CV–405.

Court of Appeals of Indiana.

Jan. 31, 1996.

Transfer Denied May 28, 1996.

James O. McDonald, Everett, Everett & McDonald, Terre Haute, for Appellant.

George V. Heins, Dennis N. Owens, Smith, Maley & Douglas, Indianapolis, for Appellees.

## OPINION

BAKER, Judge.

Appellant-plaintiff Bradley Simon contests the trial court's judgment in his action for damages against appellees-defendants James D. Clark and Vigo County, claiming that the trial court erred in excluding certain evidence.

### FACTS

On February 3, 1991, Simon was a passenger in an automobile driven by Clark. Clark lost control of the vehicle and ran off the road. As a result of the accident, Simon suffered injuries to his face, neck, and knee. On February 3, 1992, Simon filed a complaint for damages against Clark, Vigo County, and Allstate Insurance Company (Allstate).[1]

Prior to trial, Vigo County and Clark filed separate motions in limine seeking to prohibit the introduction of any evidence regarding the parties' insurance coverage. The court granted the motions on April 8, 1994. On August 16, 1994, a jury trial commenced during which several experts testified as to the extent of Simon's injuries. Gail Corn, a vocational consultant, and Dr. Richard Hutson, an orthopedic surgeon, both testified that Simon's injuries did not restrict his ability to work. In order to impeach these witnesses' credibility, Simon attempted to introduce evidence and question both witnesses about whether they had been paid by Allstate to examine Simon and testify at trial. The trial court refused to permit such questioning or admit such evidence because it violated the motions in limine. Also during trial, Simon made an offer of proof by pre-

senting the testimony of Roger Hennie, an Allstate insurance adjuster, in which he admitted that Simon's injuries resulted from the February 3, 1991, accident involving Clark rather than a subsequent accident in February 1992 in which Simon was involved. The trial court refused to admit this evidence.

On August 26, 1994, the jury found in favor of Vigo County and against Clark in the amount of $5,501.49, and the trial court entered judgment accordingly. Simon appeals from this judgment arguing that the trial court erred in excluding: 1) an exhibit which would have impeached Corn's credibility, 2) evidence of the amount of compensation that Dr. Hutson received for performing evaluations for defense attorneys, and 3) the testimony of Allstate's insurance adjuster.

### DISCUSSION AND DECISION

#### I. Standard of Review

Simon raises several issues challenging the trial court's decisions to exclude evidence. Whether to admit or exclude evidence is a determination entrusted to the sound discretion of the trial court. *Eversole v. Consolidated Rail Corp.* (1990), Ind.App., 551 N.E.2d 846, 854, *trans. denied.* We will reverse the trial court's decision to admit evidence for an abuse of discretion only when it is clearly erroneous and against the logic and effect of the facts and circumstances or the reasonable inferences to be drawn therefrom. *Id.* Regardless of the objection made at trial, if the trial court's exclusion of evidence is supportable, we cannot say the trial court abused its discretion. *Mundy v. Angelicchio* (1993), Ind.App., 623 N.E.2d 456, 460.

#### II. Exclusion of the Evidence

##### A. Exhibit 48

First, Simon argues that the trial court erred in excluding Exhibit 48 which would have enabled him to impeach the credibility of Gail Corn, a vocational consultant

---

1. The trial court granted summary judgment in favor of Allstate on September 28, 1993. In this appeal, Simon seeks a new trial as to Clark only.

who testified at trial that she did not believe that Simon was vocationally disabled as a result of his injuries. Record at 119, 120–21, 152. During direct examination, Corn testified that she was employed and paid by Clark and Vigo County's attorneys to perform an evaluation of Simon. R. at 110, 147. On cross-examination, Simon attempted to introduce Exhibit 48, Corn's invoice for her evaluation of Simon, which contained a notation that it had been sent to Allstate for payment, rather than to Clark or Vigo County's attorneys. R. at 147–48. However, the trial court refused to admit the exhibit because it violated the motions in limine prohibiting the introduction of any evidence regarding insurance. In response, Simon made an offer of proof asserting that he should be permitted to introduce Exhibit 48 because it impeached Corn's credibility in that the invoice showed that she was "employed by Allstate and not [Clark and Vigo County's] attorneys as she had testified." [2] Appellant's Brief at 16.

In support of his argument that the trial court should have admitted Exhibit 48, Simon cites *Pickett v. Kolb* (1968), 250 Ind. 449, 237 N.E.2d 105. In *Pickett,* the plaintiff questioned the defense's expert witness as to who paid him for the inspection that he had performed. Defense counsel objected stating that the plaintiff could only inform the jury that the witness was employed by the defendant and not that an insurance company had paid him for his services. The trial court sustained the objection and excluded the evidence of the insurance company's involvement. Our supreme court reversed the trial court's decision and held:

> Proof of liability insurance in and of itself is not admissible, but such a principle may not be expanded to the extent that it serves as a means of excluding otherwise competent evidence which is relevant to the issues involved in the trial. We do not think that a trial court may arbitrarily exclude otherwise competent and relevant evidence merely on the ground that it will reveal an insurance carrier is involved. If a party sees fit to present a witness on his behalf, the opposing party has a right to cross-examine that witness with reference to all his interests in the litigation, including who is compensating him or giving him anything of value which resulted in him being a witness or participating actively in the litigation.

*Id.* at 453, 237 N.E.2d at 108.

However, assuming arguendo that the trial court's refusal to admit the exhibit constituted error, Simon cannot prevail because he has failed to establish that he suffered prejudice as a result of the court's omission. At trial, Corn admitted that she was employed and paid by the defense attorneys. Thus, because the jury was already informed that Corn was testifying on behalf of the defense, it is not likely that the jury's determination of Corn's credibility would have been different had it known that Simon's insurance company rather than his attorneys had paid Corn for her services.[3] Hence, we hold that any error in the trial court's exclusion of the exhibit was harmless in that Simon suffered no prejudice. *See* Ind.Trial Rule 61.

### B. Dr. Hutson's Compensation

 Simon also asserts that the trial court erred when it refused to permit him to question Dr. Hutson, the orthopedic surgeon who testified that Simon's injuries did not restrict his ability to work, regarding the amount of compensation that Dr. Hutson re-

---

2. In response, Clark argues that Simon waived this issue for review because he failed to make an appropriate offer of proof to preserve the error. Specifically, Clark asserts that Simon should have questioned Corn directly about whether the invoice showed that she was in fact employed by Allstate, rather than offering a summarization of what Corn's testimony would have been. We acknowledge that it would have been more appropriate for Simon to directly question Corn about the invoice. *See Cadick Milling Co. v. Valdosta Grocery Co.* (1920), 72 Ind.App. 534, 126 N.E. 240; *Matter of J.O.* (1990), Ind.App.,

556 N.E.2d 948, 950, *trans. denied* (offer to prove should have consisted of the excluded testimony itself). However, Simon's summarization of Corn's testimony was wholly unchallenged by Clark. Thus, we find that Simon did not waive the issue for review.

3. We question whether the exhibit alone would have proven that Allstate employed and paid Corn for her services. The exhibit merely shows that Corn invoiced Allstate, not that Allstate in fact paid her for her services.

ceived in the past year for performing evaluations for defense attorneys. Simon claims that *Pickett* permits the introduction of this testimony because it shows Dr. Hutson's interest in the litigation. We agree.

In *Pickett*, our supreme court stated:

It has long been the law in all jurisdictions of which we are aware that a witness may properly be cross-examined with respect to his interest in the litigation in question. He may be cross-examined with reference to his motives, his feelings, friendly or unfriendly towards the parties or other witnesses involved, his employment by either of the parties or some third party, and the contractual relationship with reference to his interest in the litigation and any financial considerations that might have influenced him.

*Pickett*, 250 Ind. at 451, 237 N.E.2d at 107. Thus, pursuant to *Pickett*, Simon was entitled to question Dr. Hutson about any compensation that he had received which may have influenced his interests in the litigation.

However, at trial Dr. Hutson testified that Clark and Vigo County's attorneys had hired him to evaluate the extent of Simon's injuries, and that he had charged those attorneys certain fees for evaluating Simon and testifying at trial. Second Supplemental Record at 718–19. Dr. Hutson also stated that he had been retained by Clark and Vigo County's attorneys on previous occasions to render opinions and that approximately 90% of the evaluations that he performed were for defense attorneys, worker's compensation insurance companies or employers. R. at 178, S.S.R. at 713, 780–81. Thus, Simon's attempt to show Dr. Hutson's interests in the litigation by questioning him about the specific amount of compensation he received from all defense attorneys was merely cumulative of Dr. Hutson's other testimony regarding his work for defense attorneys. Because the exclusion of cumulative testimony is not error, no abuse of discretion occurred. *McClamroch v. McClamroch* (1985), Ind. App., 476 N.E.2d 514, 518, *trans. denied.*

## C. Insurance Adjuster's Testimony

Finally, Simon contends that the trial court erred in excluding the testimony of Roger Hennie, a claim analyst for Allstate. During trial, Simon made an offer of proof by presenting the testimony of Hennie in which he stated that both Clark and Simon were covered by Allstate insurance policies providing medical payment coverage regardless of fault. R. at 82–83. Hennie further stated that Allstate made medical payments to Simon under both Clark and Simon's policies as a result of injuries suffered by Simon during the February 3, 1991, collision in which Simon was a passenger in Clark's automobile. R. at 83–84. Specifically, Simon asserts that he sought to introduce Hennie's testimony in order to rebut Clark's and several physicians' testimony that certain injuries and medical expenses incurred by Simon resulted from his involvement in a subsequent collision that occurred in February of 1992.

Ind.Evidence Rule 409 provides:

Evidence of paying or furnishing, or offering or promising to pay medical, hospital, or similar expenses occasioned by an injury, or damage to property is not admissible to prove liability for such injury or damages.

Clearly, Evid.R. 409 prohibits the introduction of the payment of medical expenses for the purpose of showing liability. Although Simon asserts that he presented Hennie's testimony for the purpose of showing the amount of damages which resulted from the February 3, 1991, accident, we believe that the trial court could have correctly determined that the testimony as a whole implied to the jury that Clark was liable for any damages resulting from the February 3, 1991, accident. Hence, pursuant to Evid.R. 409, the trial court did not abuse its discretion in denying Simon's offer of proof and excluding such testimony.[4]

Judgment affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

4. Because this evidence was inadmissible under Evid.R. 409, we need not address Simon's other

arguments regarding the admissibility of Hen-nie's testimony.