## Marijeanne BROWN–DAY, Appellant–Plaintiff,

v.

## ALLSTATE INSURANCE COMPANY, Appellee–Defendant.

### No. 49A02–0903–CV–277.

Court of Appeals of Indiana.

Oct. 29, 2009.

---

Nicholas C. Deets, Hovde Dassow & Deets LLC, Indianapolis, IN, Attorney for Appellant.

James R. Fisher, Miller & Fisher, LLC, Indianapolis, IN, Attorney for Amicus Curiae Indiana Trial Lawyers Association.

Robert B. Clemens, Bryan H. Babb, Curtis T. Jones, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Marijeanne Brown–Day ("Brown–Day") sued her insurer, Allstate Insurance Company ("Allstate"), for underinsured motorist benefits. We have accepted this interlocutory appeal to review pretrial orders granting a motion for party substitution and a motion in limine, which collectively prohibited any explicit reference to Allstate. We reverse and remand.

### Issues

There are two issues presented for interlocutory review:

I. Whether the trial court properly ordered that a previously-dismissed defendant should be substituted for Allstate as the named party defendant to avoid potential jury prejudice against an insurance company; and

II. Whether the trial court properly concluded that Brown–Day could not elicit testimony that Allstate had paid an examiner/expert witness.

### Facts and Procedural History

On June 13, 2004, Brown–Day and Michelle Lobdell ("Lobdell") were involved in an automobile crash and Brown–Day sustained bodily injury. Brown–Day filed a complaint against Lobdell in Marion County Superior Court, and Lobdell conceded that she was at fault for the accident. Brown–Day settled with Lobdell's insurer, American Family Insurance, for the limits of the liability policy it had issued to Lobdell, $50,000. Brown–Day reserved her right to pursue an underinsured motorist claim against Allstate.

On October 27, 2006, with permission from the trial court, Brown–Day filed an amended complaint naming Allstate as the defendant. Brown–Day averred that she had purchased underinsured motorist benefits of $100,000 from Allstate. Brown–Day further alleged that the collision with Lobdell caused her damages in excess of the $50,000 limits of Lobdell's policy. On November 1, 2006, without opposition from Allstate, Lobdell was dismissed as a defendant, with prejudice.

On January 4, 2007, Allstate answered Brown–Day's complaint, admitting that Lobdell was at fault for the collision and that Allstate had issued Brown–Day a policy with $ 100,000 underinsured motorist benefits, but denying that Brown–Day sustained damages in excess of $50,000. Brown–Day's complaint against Allstate was set for a jury trial.

On February 10, 2009, more than two years after Lobdell's dismissal, Allstate filed its "Motion to Substitute, to Identify Michelle Lobdell as Sole Defendant for Trial." (App. 39.) Therein, Allstate alleged that identification of Lobdell as the sole defendant was necessary to prevent "substantial unfair prejudice" to Allstate should the jury be made aware that underinsured motorist coverage was applicable to damages. (App. 41.) Allstate agreed to pay any judgment issued against Lobdell, less set-offs, but subject to the $100,000 policy limits.

Allstate additionally requested a ruling in limine prohibiting Brown–Day "from mentioning or referring to the fact [that] this is an underinsured motorist claim, the Plaintiff's policy with Allstate, and the amounts of the limits of UIM coverage." (App. 41.) On February 12, 2009, the trial court ordered that Lobdell be identified as

the sole designated defendant "for purposes of the trial of this action" and that the parties "shall not mention or refer to the fact [that] this is an underinsured motorist claim, the Plaintiffs' [sic] had a policy with Allstate, or the amounts of the limits of UIM coverage under that policy." (App. 10). The trial court also excluded evidence of past dealings and payments Allstate had made with respect to its examiner/expert witness.

Brown–Day filed a brief and attached multiple copies of IRS Form 1099, which allegedly revealed that Allstate had paid its examiner/expert witness in excess of $90,000 over several preceding years. Brown–Day also filed a motion for reconsideration and a motion for certification of orders for interlocutory appeal. On March 11, 2009, the trial court denied Brown–Day's motion for reconsideration but granted her motion for certification of orders for interlocutory appeal.

On May 18, 2009, this Court issued an order accepting jurisdiction of the interlocutory appeal.

### Discussion and Decision

#### I. *Party Substitution*

Brown–Day (together with amicus Indiana Trial Lawyers Association) and Allstate offer disparate views as to the breadth of Indiana Evidence Rule 411, which provides:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

Allstate believes that a broad application of the rule is necessary and the jury should only hear that an individual is liable for payment, so as to avoid an over-inflated damages award upon awareness that an insurer's deeper pockets are available for payment. Brown–Day and the Indiana Trial Lawyers Association argue that excluding all reference to insurance or insurers is not justifiable in a modern society where insurance coverage is prevalent.

Brown–Day also argues that the remedy employed by the trial court here goes beyond the possible parameters of Evidence Rule 411. The order of the trial court procedurally creates a fictitious persona. Evidence Rule 411 speaks to the admissibility of evidence, excluding evidence of insurance offered to show that a party acted negligently or wrongfully so that a jury is not induced to decide a case on improper grounds.[1] Here, liability has been conceded and the amount of damages is at issue. Regardless of academic argument as to whether a jury is likely to assess greater damages against a deep-pocket insurance company, Evidence Rule 411 simply is not a mechanism providing for an outright substitution of parties so that the identity of a party as an insurer may be shielded. It does not contemplate the creation of a fiction to avoid possible prejudicial effects from a reference to insurance or an insurer.[2]

---

1. Our Indiana Supreme Court has observed that "evidence of whether or not a defendant carries liability insurance" "normally is prejudicial." *Pickett v. Kolb*, 250 Ind. 449, 451, 237 N.E.2d 105, 107 (1968).

2. We observe that such an application of Evidence Rule 411 would effect a gross injustice to a person who has admitted liability, paid compensation, and been dismissed with prejudice years earlier. A party dismissed with prejudice is presumably free to conduct his or her life without the specter of a lawsuit hovering over them. Such a person is entitled to be free of the many possible ramifications of being a named party to a lawsuit, including

Moreover, even if we assume[3] that prejudice could have been lessened had Lobdell remained a named defendant along with Allstate, Allstate stood by and allowed her dismissal with prejudice instead of advancing payment and asserting a subrogation interest pursuant to Indiana Code Section 27–7–5–6. Years later, Allstate sought to use her identity. The cause of action to be tried before the jury is a first party claim for contract enforcement against Allstate, seeking underinsured motorist benefits. Although the amount of damages caused by a tortfeasor is at issue, the complaint is not a direct complaint against a tortfeasor. Allstate, the issuer of the insurance policy contract, is the sole named defendant and sole entity potentially liable for paying Brown–Day. Quite simply, Allstate is the real party in interest.[4]

Allstate argues that this court has recently approved party substitution as an appropriate methodology to lessen prejudice in insurance cases, citing *Wineinger v. Ellis*, 855 N.E.2d 614 (Ind.Ct.App.2006), *trans. denied*. In *Wineinger*, an automobile passenger who was injured in a collision brought an action against Shelter, the insurer who had contracted with the vehicle driver to provide uninsured motorist benefits. She also sued Ellis, an uninsured motorist and alleged tortfeasor. In its answer to the complaint, Shelter admitted liability and agreed to pay any judgment rendered, leaving the nature and extent of injuries as the only remaining issues. *Id.* at 617.

The trial court prohibited references to the insurer before the jury and permitted Shelter to "step into the shoes" of Ellis, with Ellis substituted "in name only" as the proper party defendant. *Id.* On appeal, this court found that the trial court "properly concluded that requiring Shelter to be a nominal participant in the trial would have impermissibly confused the issues[.]" *Id.* at 616.

However, the *Wineinger* case is readily distinguishable from the instant case. There, the substituted party was a co-defendant who had not been dismissed. The substitution of one name for two was ordered "provided that" Shelter admitted liability and agreed to pay the full judgment, even if it was beyond the policy limits. 855 N.E.2d at 617. Effectively, Shelter stipulated to full liability for all damages as a trade-off for exclusion of the mention of insurance.

Here, in contrast, there was no offer of full payment in order to "step into the shoes" of a tortfeasor. Indeed, there is no named defendant other than Allstate; there is no alleged tortfeasor with "shoes to step into." *Wineinger* does not prohibit all references to insurers or insurance; rather, it addressed very specific circumstances. An insurer otherwise liable only

---

diminished creditworthiness, employability, and ability to alienate property without potential judgment liens.

**3.** We are aware of the view that mentioning insurance before a jury automatically equates to a larger verdict. However, we are also mindful that jurors do not discard their common knowledge, including the fact that motorists in this state are required to prove financial responsibility and are commonly compliant with that requirement through procuring liability insurance. *See State Farm Mut. Auto. Ins. Co. v. Gutierrez,* 866 N.E.2d

747, 751 (Ind.2007). We lack empirical data to support the notion that the mere mention of insurance is so prejudicial that it can be offset only by a legal fiction. Additionally, we are unaware of any method of claims processing or particular historical practice by Allstate that would engender prejudice against this insurer in particular.

**4.** *See* Indiana Trial Rule 17(A), providing: "Every action shall be prosecuted in the name of the real party in interest."

for its contract obligations chose to forego a right of subrogation and contract limitations and agreed to total liability for any damages caused by a tortfeasor, as if the insurer were the tortfeasor. As such, the claim tried before the jury in *Wineinger* was substantively a tort claim.

Here, Brown–Day directly seeks benefits for which she contracted. Allstate wants the benefit of its bargain with Brown–Day, that is, the contractual limitation on Brown–Day's recovery. Neither Evidence Rule 411 nor *Wineinger* provides authority for substitution of a non-party in place of a party so as to create a legal fiction before the jury in a contract case.

## II. *Payments to Examiner/Expert Witness*

■ Brown–Day argues that she should be allowed to inquire as to payments Allstate made to its examiner/expert witness, contending that a witness's source of income is relevant to the issue of his bias, prejudice or interest. Allstate suggests that a reference to "payments from the defendant" is adequate. Appellee's Brief at 21.

■ Indiana Evidence Rule 616 provides:

> For the purpose of attacking the credibility of a witness, evidence of bias, prejudice, or interest of the witness for or against any party to the case is admissible.

This rule reflects the fact that it is within the province of the jury to determine the credibility of witnesses and the weight to be accorded to their testimony. In reaching this determination, the jury is entitled to hear "evidence of bias, prejudice, or interest of the witness for or against any party." The source of witness income goes to the heart of bias or prejudice, and excluding evidence relevant to the jury's credibility assessment would operate as an invasion of the province of the jury. The language of the Rule carves out no exception when a party is an insurance company.

■ As such, relevant evidence is not to be excluded on grounds that an insurer is involved. Moreover, admitting relevant evidence with references to "a defendant" to avoid revealing insurance is not appropriate. In *Pickett v. Kolb*, 250 Ind. 449, 237 N.E.2d 105 (1968), our Indiana Supreme Court reviewed a trial court's ruling restricting cross-examination of an expert witness such that the fact of insurance would be concealed. The jury heard only that the expert witness was retained "on behalf of the defendant." *Id.* at 450, 237 N.E.2d at 107. Our Supreme Court disagreed that the limitation was necessary to protect the insurer from undue prejudice, holding:

> [P]roof of liability insurance in and of itself is not admissible, but such a principle may not be expanded to the extent that it serves as a means of excluding otherwise competent evidence which is relevant to the issue involved in the trial. We do not think that a trial court may arbitrarily exclude otherwise competent and relevant evidence merely on the ground that it will reveal an insurance carrier is involved. In this case, as previously stated, if a party sees fit to present a witness on his behalf, the opposing party has a right to cross-examine that witness with reference to all his interests in the litigation, including who is compensating him or giving him anything of value which resulted in his being a witness or participating actively in the litigation.

250 Ind. at 453, 237 N.E.2d at 108. Here, Brown–Day has a right to cross-examine Allstate's examiner/expert witness regarding compensation paid to him by Allstate.

## Conclusion

Allstate is the sole defendant in this case, and neither Evidence Rule 411 nor the common law permits the substitution of a non-party so as to conceal Allstate's identity as an insurer. Additionally, pursuant to Evidence Rule 616, evidence of bias, prejudice, or interest of a witness for or against a party is admissible, and the rule may not be disregarded on grounds that the party involved is an insurance carrier.

Reversed and remanded.

KIRSCH, J., and VAIDIK, J., concur.