**Russel HOWARD, Appellant–Plaintiff,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellee–Defendant.**

No. 87A01–0910–CV–512.

Court of Appeals of Indiana.

June 17, 2010.

Jeffrey D. Oliphant, The Hastings Law Firm, Indianapolis, IN, Matthew W. Forsythe, Karl Truman Law Office, Jeffersonville, IN, Attorneys for Appellant.

Mary Jo Wetzel, Crystal G. Rowe, Kightlinger & Gray, LLP, New Albany, IN, Attorneys for Appellee.

### OPINION

ROBB, Judge.

*Case Summary and Issue*

Following an automobile accident in which his vehicle was struck by an under-

insured driver, Russel Howard sued both the underinsured driver and Howard's insurer, American Family Mutual Insurance Company ("American Family"), in Kentucky court, seeking damages from the underinsured driver and underinsured motorist benefits from American Family. Howard's complaint against the underinsured driver settled for policy limits of $25,000, and Howard's claim against American Family, refiled in Indiana court, was set for a jury trial. In this interlocutory appeal, Howard raises two issues, of which we find the following dispositive: whether the trial court erred by granting American Family's motion to substitute the underinsured driver as the sole named defendant at trial. Concluding that Indiana law does not allow the underinsured driver's substitution as a nominal defendant in these circumstances, we reverse and remand.

### Facts and Procedural History

On June 12, 2006, Howard, driving his vehicle and stopped in traffic on a highway in Jefferson County, Kentucky, was rear-ended by Ruell Howell (the "underinsured driver") and suffered physical injuries. At the time, Howard was insured by American Family under automobile policies containing underinsured motorist coverage of $100,000 per person and $300,000 per accident, with personal umbrella coverage of $1 million. Howard filed, in Kentucky state court, a personal injury complaint against the underinsured driver and later amended his complaint to state a claim against American Family for underinsured motorist benefits. On February 22, 2008, Howard sent American Family written notice of an offer to settle his personal injury claim against the underinsured driver for

$25,000, the policy limits of the latter's State Farm insurance. American Family and Howard subsequently agreed, at American Family's request,[1] that Howard's underinsurance claim against American Family would be dismissed without prejudice, with leave for Howard to refile the claim in Indiana court. Thereafter, Howard signed a $25,000 settlement and release of his personal injury claim against the underinsured driver.

On April 28, 2008, Howard refiled his complaint against American Family in Warrick Superior Court, seeking underinsured motorist benefits. In its amended answer, American Family admitted Howard was injured as a proximate result of the underinsured driver's negligence and any and all of Howard's claims against the underinsured driver had been settled for policy limits. American Family also admitted its insurance policy with Howard contained underinsured motorist coverage and Howard had paid the premiums due under the policy.

Howard's case against American Family was set for a three-day jury trial in August 2009. On July 22, 2009, American Family filed a motion "to substitute [the underinsured driver] as the proper party defendant in this case." Appellant's Appendix at 27. The same day, American Family filed a motion in limine requesting the trial court to prohibit Howard and the witnesses from making "[a]ny reference whatsoever to American Family." *Id.* at 29. At a subsequent pretrial conference, the trial court took American Family's motion to substitute under advisement and conditionally granted American Family's motion

---

1. According to Howard, American Family sought the dismissal, with leave to refile in Indiana court, citing jurisdictional concerns about the Kentucky court's ability to decide a contract case "in a state where American Family writes no insurance contracts." Ap-

pellant's Brief at 4. Although Howard has not included in the record sufficient materials to verify this position as the one taken by American Family, neither does American Family dispute the fact.

in limine, clarifying in its docket entry that it was deferring a final ruling pending its ruling on the motion to substitute.

On August 9, 2009, the trial court issued its order granting American Family's motion to substitute the underinsured driver as the sole named defendant. Howard filed a motion to reconsider or, alternatively, certify the order for interlocutory appeal. On September 8, 2009, the trial court certified the August 9, 2009 order for interlocutory appeal.[2] This court accepted jurisdiction.

### Discussion and Decision

#### I. Standard of Review

■ American Family states the standard of review as whether the trial court abused its discretion by excluding all references to insurance and American Family at trial. The threshold issue raised by Howard, however, is whether the trial court had legal authority to substitute the underinsured driver as the sole named defendant at trial. Because the facts relevant to this issue are not in dispute, the issue presents a question of law that we review de novo. *See UFG, LLC v. Southwest Corp.*, 848 N.E.2d 353, 360–61 (Ind. Ct.App.2006) (noting "[t]here is no material dispute as to the relevant facts, so each of these issues presents a question of law" reviewed de novo), *trans. denied.*

#### II. Motion for Party Substitution

In support of its argument that the trial court had authority to substitute the underinsured driver as the sole named defendant at trial, American Family relies on *Wineinger v. Ellis*, 855 N.E.2d 614 (Ind. Ct.App.2006), *trans. denied.* Wineinger was injured in an automobile crash caused by an uninsured driver and filed a complaint against the driver and Shelter, the insurer of Wineinger's vehicle. Shelter admitted liability and represented it would pay any judgment entered against the driver, "even if such judgment exceeded the uninsured policy limits." *Id.* at 617. A single jury trial was held on Wineinger's claims against both the driver and Shelter. The trial court granted Shelter's motion to substitute the driver as the sole named defendant, permitted Shelter to step into the shoes of the driver to provide a defense, and prohibited any references to Shelter or insurance at trial. This court affirmed, rejecting Wineinger's argument that the trial court erred by prohibiting any reference to Shelter or insurance coverage. *Id.* at 618–20. Noting the only issues to be resolved at trial were the nature and extent of Wineinger's personal injuries and resulting damages, and the uninsured motorist policy did not entitle Wineinger to recover more than the damages assessed against the driver, this court concluded "requiring Shelter to be a nominal participant in the trial would have impermissibly confused the issues." *Id.* at 616. While we acknowledge the reasoning and result in *Wineinger*, for the reasons explained below, we do not find it applicable to the facts of the present case.

In *Brown–Day v. Allstate Ins. Co.*, 915 N.E.2d 548 (Ind.Ct.App.2009), *trans. denied*, this court distinguished *Wineinger* in addressing facts similar to the present case. Brown–Day was injured in an automobile crash and initially sued the driver of the other vehicle. After settling with the driver's insurer for policy limits of $50,000, Brown–Day amended her complaint to seek underinsured motorist benefits from her insurer, Allstate. She thereafter dismissed the driver as a defendant,

---

**2.** Subsequently Howard, claiming his counsel did not receive a copy of the September 8, 2009 certification order, moved the trial court to vacate and reissue the order. On October 20, 2009, the trial court issued a new, substantially identical, certification order.

with prejudice and without opposition from Allstate, and her claim against Allstate was set for a jury trial. On interlocutory appeal, this court held the trial court erred by granting Allstate's motion to substitute the previously-dismissed driver as the sole named defendant at trial. We observed that "Evidence Rule 411 simply is not a mechanism providing for an outright substitution of parties so that the identity of a party as an insurer may be shielded." *Id.* at 551. Further, Brown–Day's claim against Allstate was not, and was not tried in conjunction with, a direct complaint against a tortfeasor. *Id.* at 552. Insofar as Allstate "stood by" and allowed the driver's dismissal from the case instead of advancing payment and asserting a subrogation interest under Indiana Code section 27–7–5–6, Allstate treated "[t]he cause of action to be tried before the jury [as] a first party claim for contract enforcement against Allstate, seeking underinsured motorist benefits." *Id.* We concluded "[n]either Evidence Rule 411 nor *Wineinger* provides authority for substitution of a non-party in place of a party so as to create a legal fiction before the jury in a contract case." *Id.* at 553.

■ Here, unlike the insurer in *Wineinger*, American Family did not attempt to step into the shoes of and defend the tortfeasor. American Family also decided not to preserve a subrogation interest under Indiana Code section 27–7–5–6, when Howard advised American Family of the $25,000 settlement offer from the underinsured driver and American Family declined to advance payment to Howard. Rather, American Family requested that Howard's tort claim against the underinsured driver be settled for the latter's policy limits, which was a precondition to Howard's separate underinsurance claim against American Family. *See* Appellant's App. at 59 (letter from American Family

acknowledging it had notice of Howard's claim for underinsured motorist benefits, but declining to take any action until it could "be sure that the policy limits of all available coverage [had] been exhausted"). Howard now seeks to proceed against American Family as the sole defendant in this action for underinsured motorist benefits, and he does not have the option of joining the underinsured driver as a defendant. These facts make Howard's case like *Brown–Day* and implicate the rule announced therein: Indiana law provides no authority for substitution of a non-party tortfeasor as a nominal defendant in place of an insurer in a contract case, where the plaintiff seeks recovery of underinsured motorist benefits. *See Brown–Day*, 915 N.E.2d at 552–53.

Further, given the procedural history of this case, we cannot agree with American Family's contention that application of the foregoing rule would "elevate form over substance." Brief of Appellee at 8. The form of this case as a contract action was further reinforced by American Family's request that Howard's underinsurance claim be dismissed without prejudice from the Kentucky court—where Howard initially filed it along with his tort claim against the underinsured driver—with leave to refile in Indiana court. Thus, by inviting severance of Howard's underinsurance claim from the settled tort claim, not only in chronology but also in relation to the forum where it would be tried, American Family chose to treat the underinsurance claim as a separate, first party claim for contract enforcement. For the foregoing reasons, we conclude the trial court erred as a matter of law when it granted American Family's motion to substitute the underinsured driver as the named defendant at trial.

## III. Motion in Limine

Howard also raises the issue of whether the trial court erred by granting American

Family's motion in limine to exclude any reference to American Family at trial. As noted above, the August 9, 2009 order that is the subject of this appeal did not include any ruling on the motion in limine, and the trial court never issued a final ruling on the motion. However, the trial court did note that the issue of whether any reference to American Family should be excluded was bound up with the issue of whether substitution of the underinsured driver as the sole named defendant in place of American Family was proper.[3]

Because we conclude American Family must remain a named defendant in this case, its identity as a party cannot be shielded from the jury. As we reverse the trial court's grant of American Family's motion to substitute and remand for further proceedings, we instruct the trial court to deny American Family's motion in limine to the extent it seeks exclusion of any reference to American Family. The trial court retains its authority under Indiana Rules of Evidence 402, 403, and 411 to exclude evidence of Howard's dealings with American Family to the extent they are irrelevant to the matters to be tried or their relevance is substantially outweighed by the danger of unfair prejudice or confusion of the issues.

### Conclusion

Indiana law does not allow the underinsured driver's substitution for American Family as the sole named defendant in this contract case seeking recovery of underinsured motorist benefits. Therefore, the trial court's grant of American Family's motion to substitute is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

3. The trial court's certification order states:
   [T]he following issues are hereby certified for interlocutory appeal pursuant to Indiana Rule of Appellate Procedure 14(B):
   1) whether the trial court erred in granting *Defendant's Motion to Substitute Ruell Howell as the Proper Party Defendant;* and
   2) whether the trial court erred in granting *Defendant's Motion in Limine* to exclude mention of American Family at trial.

Appellee's Appendix at 35. However, trial courts properly certify orders, not specific questions or issues, for interlocutory appeal. *See Harbour v. Arelco, Inc.,* 678 N.E.2d 381, 386 (Ind.1997) (noting the rule governing interlocutory appeals "does not require or even permit certification of particular issues").