

FILED

Sep 29 2017, 6:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean G. Thomasson
Thomasson, Thomasson, Long &
Guthrie, P.C.
Columbus, IN

ATTORNEYS FOR APPELLEE

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath,
LLP
Madison, IN

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David K. Miller, <br> *Appellant-Respondent,* <br><br> v. <br><br> Joy A. (Miller) Brown, <br> *Appellee-Petitioner* | September 29, 2017 <br><br> Court of Appeals Case No. <br> 03A01-1703-DR-512 <br><br> Appeal from the Bartholomew <br> Superior Court 2 <br><br> The Honorable Jon W. Webster, <br> Special Judge <br><br> Trial Court Cause No. <br> 03D02-1006-DR-092 |

**Vaidik, Chief Judge.**

## Case Summary

[1] While David Miller ("Father") and Joy Brown ("Mother") were married, Father opened two college savings accounts in his name, designating the couple's two sons as the beneficiaries. After the couple divorced, Father

continued making contributions to those two accounts, and Mother opened two additional accounts in her own name with the boys as the beneficiaries. The older son enrolled in college but eventually withdrew. At issue in this case is the trial court's order requiring Father and Mother to, among other things, combine all the savings accounts into a single, jointly owned account for the benefit of the younger son. Father appeals. He says he has no objection to paying his share of his son's college expenses but argues that the funds in the accounts he opened are his property and that the trial court lacked authority to make Mother a co-owner. We agree with Father, reverse the order in its entirety, and remand for further proceedings.

## Facts and Procedural History

[2] Father and Mother married in 1986 and had two sons: Z.M., born in May 1995, and N.M., born in December 1997. During the marriage, Father opened two "529 accounts"—the tax-advantaged college savings accounts authorized by 26 U.S.C. § 529. Father designated Z.M. as the beneficiary of one of the accounts and N.M. as the beneficiary of the other.

[3] Father and Mother divorced in 2010. They entered a settlement agreement regarding property division, as well as custody and child support, but the agreement did not specifically address the 529 accounts, which at the time had balances of "roughly $5,000" each. Tr. p. 22. After the divorce, Father continued contributing to the accounts, and Mother opened two new 529

accounts in her own name, also with Z.M. and N.M. as the designated beneficiaries.

[4] In June 2014, Mother filed a petition in which she indicated that Z.M. had started college and asked the trial court to order Father to pay a share of the expenses. Father objected, noting that Z.M. was nineteen years old "and thus emancipated" when Mother filed her petition and arguing that the petition was therefore "late, moot, and untimely and should be dismissed." Appellant's App. Vol. II p. 34. In January 2015, while Mother's petition relating to Z.M. was still pending, she filed a similar petition as to N.M., explaining that he had "plans to attend college once he graduates high school." *Id*. at 36.

[5] The trial court held a hearing on both of Mother's petitions in April 2015. Mother claimed that she had paid between $20,000 and $25,000 for Z.M.'s "attempt at college"—an attempt that had "failed." *Id*. at 41; Tr. pp. 11-12. Nonetheless, the trial court granted Father's motion to dismiss Mother's petition relating to Z.M., relying on our decision in *Neal v. Austin*, 20 N.E.3d 573 (Ind. Ct. App. 2014), to hold that Mother had waited too long (i.e., until after Z.M. had turned nineteen) to file the petition.[1] As such, the court denied Mother's request for reimbursement from Father's 529 account for Z.M., which by that point had a balance over $20,000. Regarding N.M., the court deferred

---

[1] Mother did not appeal that ruling and does not attempt to challenge it here.

consideration of Mother's petition, noting that N.M. was still in high school and had not even applied to any colleges.

[6] N.M. attended Ivy Tech in the fall of 2016, and Mother notified the trial court that her petition relating to N.M. was ripe. The trial court held another hearing, at which Mother testified that N.M.'s tuition for the fall was $1600 and that Father had not paid any of it. She also testified that N.M. had withdrawn from Ivy Tech and enrolled at Indiana State, at a cost of approximately $20,000 per year. By the time of the hearing, Mother had consolidated her two 529 accounts for Z.M. and N.M. into a single account for N.M., with a balance of approximately $11,400. Father was still maintaining the two original 529 accounts, with balances of approximately $21,000 for Z.M. and $25,000 for N.M. Based on the parties' testimony and the exhibits they submitted, the trial court ordered that: (1) the parties consolidate all the 529 funds into a single account, with Mother and Father as "equal co-owners"; (2) 100% of N.M.'s college expenses be paid from the consolidated account (including reimbursing Mother for the Ivy Tech expenses); and (3) in the event that the consolidated account is exhausted, additional expenses will be paid 55% by Mother and 45% by Father (except for textbooks and fees, which will be paid by N.M.). Appellant's App. Vol. II p. 12.

[7] Father now appeals.

# Discussion and Decision

[8] Husband does not challenge the part of the order requiring him to contribute to N.M.'s college expenses, the part calling for the 529 funds to be exhausted upfront (even though about 80% of those funds, roughly $46,000, would come from him and only about 20%, just over $11,000, would come from Mother), or the part requiring him to pay 45% after the 529 funds are exhausted. His only argument is that the trial court erred by ordering the creation of a single, jointly owned 529 account. He expresses concern that if N.M. stops going to school, Mother will have the same access to the remaining funds as he does, even though he has contributed a much larger amount. Father asserts that the funds in the 529 accounts that are in his name are his property and that by directing him to place those funds into a 529 account jointly owned by Mother, the trial court has ordered a post-dissolution distribution of property, something that the trial court "does not have authority to do." Appellant's Br. p. 9. Whether a trial court has authority to take a given action is a question of law that we review de novo. *Howard v. Am. Family Mut. Ins. Co.*, 928 N.E.2d 281, 283 (Ind. Ct. App. 2010); *Christenson v. Struss*, 855 N.E.2d 1029, 1032 (Ind. Ct. App. 2006).

[9] As a threshold matter, Mother attacks the premise underlying Father's argument—that the funds in the 529 accounts are his property. She maintains that the funds are "the individual property of [Z.M.] and [N.M.]" and are merely being "held in trust" by Father. Appellee's Br. pp. 4, 16-17. She is incorrect. While there is no dispute that the accounts were opened with the

intent of benefitting Z.M. and N.M., the fact remains that Z.M. and N.M. are merely the designated beneficiaries of the accounts. Father is the owner, as the account documents make clear. *See* Pet. Ex. C; Resp. Ex. 5. Mother cites no evidence or authority for the proposition that a 529 account is a "trust" or that the beneficiary of a 529 account is the true "owner" of the funds. To the contrary, the 529 statute specifically contemplates changes in beneficiaries. 26 U.S.C. § 529(c)(3)(C). The funds in Father's 529 accounts are not owned by Z.M. and N.M.[2]

[10] Alternatively, Mother argues that even if the funds are Father's property, the trial court was authorized by Indiana law to make her a co-owner. Again, we disagree. Mother cites *Davidson v. Davidson*, where we addressed a trial-court order for a father's name to be placed on accounts previously "held in joint names" by his wife and daughter, and for the funds to be used for the daughter's college education. 540 N.E.2d 641, 646 (Ind. Ct. App. 1989), *reh'g denied*. We affirmed the order, holding that "the trial court was certainly within its

---

[2] Mother argues that the following provision in the parties' dissolution decree supports her argument that Z.M. and N.M. are the owners of the funds in the 529 accounts:

> All personal property, securities, bank accounts, beneficial interests in trusts and other assets belonging to the children of the marriage (whether held directly in their name or by one or both parents as custodian or under the Uniform Transfers to [M]inors Act or by a third party in trust) shall be and remain the separate property of the children and, if applicable, shall be delivered to the children by the parents not later tha[n] the date the child attains the age of twenty-four (24) years or, if earlier, upon graduation from college.

Appellant's App. Vol. II pp. 17-18. But this passage does not make N.M. and Z.M. the owners of any particular property; it simply provides that the property of the children will remain the property of the children. As we just concluded, the funds in the 529 accounts are not the property of Z.M. and N.M., either in trust or otherwise.

authority to set apart this property and designate that it be used for [the daughter's] college education." *Id.* However, the order at issue in *Davidson* was entered at the time of dissolution, when the trial court enjoyed broad discretion in determining the appropriate division of the parties' property. *See* Ind. Code § 31-15-7-4 (requiring courts to divide marital property "in a just and reasonable manner"); *see also Del Priore v. Del Priore*, 65 N.E.3d 1065, 1072 (Ind. Ct. App. 2016) (explaining that division of marital property "is a matter committed to the sound discretion of the trial court"), *trans. denied.* The order here, on the other hand, was entered post-dissolution, long after the trial court had approved the parties' property-division agreement. Nothing in *Davidson* supports such an order.

[11]     Mother's reliance on Indiana Code section 31-16-6-3 and decisions interpreting it is similarly misplaced. Section 31-16-6-3 provides: "As part of the child support order the court may set apart the part of the property of either parent or both parents that appears necessary and proper for the support of the child." We agree with Mother that this statute gives trial courts broad discretion to earmark part of parents' property for the future support of their child(ren). This is true even post-dissolution, as one of the decisions cited by Mother illustrates. *See Thompson v. Thompson*, 550 N.E.2d 1332, 1337 (Ind. Ct. App. 1990) (holding that predecessor to Section 31-16-6-3 authorized trial court to order father to pay mortgage that he and mother acquired after they divorced because requiring father to satisfy debt "amounts to no more than a subsequent order of child support"). But the trial court did not merely order part of Father's

property "set apart" for the future support of Z.M. and N.M. Rather, it purported to make Mother a co-owner of Father's property. The text of Section 31-16-6-3 does not authorize such a post-dissolution division of property. Nor do the other decisions Mother cites. In *Schueneman v. Schueneman*, 591 N.E.2d 603 (Ind. Ct. App. 1992), *Quillen v. Quillen*, 659 N.E.2d 566 (Ind. Ct. App. 1996), *adopted in relevant part*, 671 N.E.2d 98 (Ind. 1996), and *Hartley v. Hartley*, 862 N.E.2d 274 (Ind. Ct. App. 2007), we simply affirmed dissolution decrees that "set apart" marital property to cover future college expenses. None of the cases involved a post-dissolution order making one parent a co-owner of property owned by the other. The trial court here erred in entering such an order.[3]

[12]  We understand Mother's concern. She and Father contributed thousands of dollars to two 529 accounts while they were married, but the accounts were in Father's name, so they stayed with him when the parties divorced, and now Father has apparently failed to pay a share of certain expenses. Much of her frustration could have been avoided, of course, if she had specifically addressed the 529 accounts at the time of dissolution, either by trying to reach an agreement with Father or by raising the issue with the trial court. She did neither, and now it is too late for her to seek partial ownership of the funds. *See*

---

[3] Even if Indiana law allowed the trial court to make Mother a co-owner of Father's property, that is not an option with the parties' 529 accounts, which can have only one owner. *See* CollegeChoice Advisor 529 Savings Plan Disclosure Statement, October 2013, http://cdn.unite529.com/jcdn/files/INA/pdfs/programdescription.pdf (last visited September 25, 2017).

*Rohrer v. Rohrer*, 734 N.E.2d 1077, 1082 (Ind. Ct. App. 2000) ("[I]n dissolution proceedings, a trial court must finally dispose of all marital assets in one final judgment.").

[13] But this is not the end of the line for Mother. While we are constrained to vacate the order requiring the parties to create a single, jointly owned 529 account, we must also remand this matter for a new ruling on Mother's petition for payment of N.M.'s college expenses. In doing so, we remind the trial court of its authority to "set apart" part of Father's property, including his 529 accounts, for purposes of securing his contribution to N.M.'s college expenses. Notably, Father evidently would not object to such an order; his only concern is with making Mother a co-owner of his property. *See* Appellant's Br. pp. 8-9. We leave it to the trial court to determine in the first instance the most appropriate alternative to that approach.[4]

[14] Reversed and remanded.

Mathias, J., and Crone, J., concur.

---

[4] Father says in his opening brief that N.M. stopped attending school after the trial court issued its order. In a separate order issued today, we grant Mother's motion to strike that allegation, since it involves matters outside the record. If true, however, this allegation would be relevant to the trial court on remand.