## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 12 2018, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Respondent,*

v.

Cassey Gick,

*Appellee-Petitioner*

July 12, 2018

Court of Appeals Case No.
18A-CR-241

Appeal from the Carroll Circuit
Court

The Honorable Benjamin A.
Diener, Judge

Trial Court Cause No.
08C01-1608-F4-5

**Baker, Judge.**

[1] The State appeals the trial court's order requiring the Department of Correction (DOC) to permit Cassey Gick, a sex offender against a minor victim, to have visitation with her minor child while Gick is in the custody of the DOC. Finding that the trial court exceeded its authority, we reverse and remand with instructions.

## Facts

[2] On November 28, 2016, Gick pleaded guilty to Level 4 felony sexual misconduct with a minor. She was sentenced to six years, with four years executed and two years suspended.

[3] The DOC's general policy is that a sex offender who committed a crime against a minor must seek permission from the DOC to have visitation with a minor. The unit team at the facility where a particular inmate is housed, including the warden of the facility, makes the initial determination as to whether permission should be granted. If permission is denied, the inmate may request a case review by the Director of the Sex Offender Management and Monitoring Program (SOMM). The SOMM Director's decision is final and binding on both the correctional facility and the inmate.

[4] Gick has a three-year-old son and requested permission to visit with him during Gick's incarceration. The facility denied the request, and Gick then requested a case review by the SOMM Director. The SOMM Director also denied Gick's request.

In certain situations, an offender may be granted visitation with a minor outside of the normal review process. A warden may, at his or her discretion, allow visitation with a minor in three circumstances:

> (1) The offender is in the last stages of a terminal illness and it appears that the offender's death is imminent.
>
> (2) The facility receives a court order instructing it to allow the offender to visit with a specific minor. . . .
>
> (3) A therapeutic visit is requested by the victim's licensed therapist. . . .

Appellant's App. Vol. II p. 66.

After the SOMM Director denied Gick's request, she wrote a letter to the trial court in her criminal case asking for a court order permitting her to have visitation with her son. On September 11, 2017, the trial court issued an order providing as follows:

> Whether [the DOC] allows contact between Defendant and Defendant's child is up to DOC. There is nothing in this Court's probation terms or conditions that would preclude Defendant from contacting or communicating with her own child.

*Id.* at 17. On September 12, 2017, Gick filed a motion to authorize the DOC to permit parent and child visitation, stating that "current facility rules permit parent and child visitation only by authorization of the sentencing Court." *Id.* at 18. On October 10, 2017, the trial court went a step farther than

authorization, ordering the DOC to permit visitation and personal contact between Gick and her son. *Id.* at 20. The DOC intervened and filed a motion to correct error, which the trial court denied. The State now appeals.

## Discussion and Decision

[7] The State argues that the trial court did not have the legal authority to order DOC to allow Gick to visit with her son. A challenge to the trial court's legal authority to act is a question of law that is reviewed de novo. *Howard v. Am. Family Mut. Ins. Co.*, 928 N.E.2d 281, 283 (Ind. Ct. App. 2010).

[8] Generally speaking, a trial court "'has no jurisdiction over a prisoner after [s]he has been convicted, sentenced and delivered to prison pursuant to a commitment . . . .'" *Hill v. Duckworth*, 679 N.E.2d 938, 939 (Ind. Ct. App. 1997) (quoting *Rogers v. Youngblood*, 226 Ind. 165, 170, 78 N.E.2d 663, 665 (1948)). To that end, it is a "long-standing principle that the judiciary is constrained from interfering with the internal procedures and policies of the [DOC]." *Kimrey v. Donahue*, 861 N.E.2d 379, 383 (Ind. Ct. App. 2007). The rationale for this hands-off approach has been explained as follows:

> Courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. The operation of a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. The complex and intractable problems in prisons are not readily susceptible of resolution by judicial decree. Thus, courts will afford substantial deference to the professional expertise of correction officials with respect to

the day-to-day operation of prisons and the adoption and execution of prison policies.

*Cohn v. Strawhorn*, 721 N.E.2d 342, 346 (Ind. Ct. App. 1999) (internal citations omitted).

[9] It is undeniable that the DOC is empowered by statute to control visitation within prisons. *Ind. Dep't of Corr. v. Stagg*, 556 N.E.2d 1338, 1342 (Ind. Ct. App. 1990). Relevant here is Indiana Code section 11-11-3-9, which explicitly authorizes the DOC to prevent inmates convicted of a sex offense with a minor from having minor visitors. When visitation is denied for this reason, the DOC must provide the inmate with written notice, and the inmate has the right to challenge the denial through DOC's grievance procedures. I.C. § 11-11-3-9(c). This Court has squarely held that Indiana Code section 11-11-3-9 does not create a private cause of action. *Medley v. Lemmon*, 994 N.E.2d 1177, 1184-85 (Ind. Ct. App. 2013). Likewise, the Administrative Orders and Procedures Act (AOPA) does not afford DOC inmates with a right to judicial review of DOC actions. Ind. Code § 4-21.5-2-5(6). Finally, this Court has found that the DOC's denial of minor visitation to a sex offender who committed an offense against a minor is not a constitutional violation. *Doe v. Donahue*, 829 N.E.2d 99, 108-11 (Ind. Ct. App. 2005).

[10] Gick, therefore, has no statutory or administrative right to judicial review of the DOC's denial of her visitation request, nor can she claim that the denial was a violation of her constitutional rights. It appears that she was merely seeking the trial court to authorize visitation under the DOC's policy that permits wardens

to grant a visitation request if authorized by a trial court.[1]  We agree with the State that if the trial court believed visitation was appropriate, it should have issued an order recommending and authorizing such visitation.  Instead, the trial court *ordered* the DOC to allow visitation, which is outside the trial court's legal authority.  Therefore, we reverse and remand with instructions to amend the order to provide that visitation between Gick and her son is authorized and recommended, but not ordered.

The judgment of the trial court is reversed and remanded with instructions.

Kirsch, J., and Bradford, J., concur.

---

[1] Even if a trial court orders visitation to occur, the DOC policy provides that the warden "*may* approve a visit with minors who are immediate family members[.]"  Appellant's App. Vol. II p. 66.  Under any circumstances, therefore, the DOC retains discretion and is the ultimate decision-maker with regard to visitation.